## PICCARD v. SPERRY CORPORATION et al.

District Court, S. D. New York.
March 13, 1939.

172

A. Joseph Geist, of New York City (George E. Netter, of New York City, of counsel), for plaintiff.

Stanchfield & Levy, of New York City (George Z. Medalie, David S. Hecht, and William W. Golub, all of New York City, of counsel), for defendants Sanderson, Morgan and Doe.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (Humes, Buck, Smith & Stowell and William H. Hall, all of New York City, of counsel), for Standard Capital Co.

Sullivan & Cromwell, of New York City, for defendant Wright Duryea.

COXE, District Judge.

These are motions (1) by the defendants Sanderson, Doe, Morgan, Duryea, and Standard Capital Company for summary judgment under Rule 56, Rules of Civil Procedure for District Courts, 28 U.S. C.A. following section 723c, and (2) by the defendants Sanderson, Doe and Morgan for a protective order under Rule 30(b) with respect to a proposed examination of the defendant Morgan under Rule 26.

The suit is a derivative one by a holder of voting trust certificates representing common stock of the defendant Sperry Corporation. The complaint charges that the defendants who were directors of the corporation were derelict in their duties in connection with a sale by the corporation of a large block of Curtiss-Wright stock which it owned. It also alleges that these same defendants conspired with the other defendants in the commission of the illegal acts of which the plaintiff complains.

The sole contention of the defendants on the motions for summary judgment is that the Curtiss-Wright stock, which is the subject of the suit, was held and sold by Sperry Securities Corporation, a wholly

owned subsidiary of the defendant Sperry Corporation. It is, therefore, argued that the plaintiff, as a holder of voting trust certificates representing stock of the defendant Sperry Corporation, is in no position to maintain a derivative suit to recover for a loss sustained by a corporation in which he was not directly interested.

 The answer to this contention is that Sperry Securities Corporation was a mere conduit or instrumentality used by the defendant Sperry Corporation for the very purpose of disposing of the Curtiss-Wright stock. It was in no different position in that respect than any other agent employed for a similar purpose. Even if this were not so, the suit could still be maintained against the defendants who were directors of the defendant Sperry Corporation for dereliction of duty, General Rubber Co. v. Benedict, 215 N.Y. 18, 109 N.E. 96, L.R.A.1915F, 617; it could also be supported as against the other defendants for knowingly participating with the defendants who were directors in their illegal acts. Irving Trust Co. v. Deutsch, 2 Cir., 73 F.2d 121. I think, therefore, that the motions for summary judgment must be denied.

The motion for a protective order under Rule 30(b) remains for consideration. It is first insisted that because the plaintiff is a holder of only 110 voting trust certificates out of a total of 2,015,565 issued and outstanding, and no other certificate holders have joined in the prosecution of the suit, the taking of the deposition should be refused. These facts may well indicate such a lack of merit in the suit as to hold the plaintiff to a strict application of the rules, General Inv. Co. v. Lake Shore & M. S. R. Co., 6 Cir., 269 F. 235, 239; Presidio Mining Co. v. Overton, 9 Cir., 261 F. 933, 940; Trimble v. American Sugar Rfg. Co., 61 N.J.Eq. 340, 345, 48 A. 912, but I do not think that they justify an order that the deposition "shall not be taken".

It is next said that the deposition should not be allowed until a complete bill of particulars has been furnished by the plaintiff. The plaintiff has already furnished a bill which in some respects was found to be inadequate, and he has accordingly been precluded by order from giving evidence at the trial with respect to various allegations of the complaint. These precluded allegations are thus

necessarily out of the case, but the mere fact that they have been eliminated furnishes no sound reason for refusing an examination on the remaining allegations.

Finally it is contended that the examination is sought solely for the purpose of embarrassing and harassing the defendants. There is, however, nothing in the motion papers to substantiate that charge, other than the fact already noted that the plaintiff's interest is of such relative unimportance as to cast doubt on the merits of the suit. I do not think that this is enough at the threshold of the examination to require any limiting order. Rule 26(b) provides that the examination may extend to "any matter, not privileged, which is relevant to the subject matter involved in the pending action". Beyond that the court should not go at this time. If, during the taking of the deposition, it should develop that the "examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress", the court, upon a showing of the facts, has full power to deal with the situation under Rule 30(b). I think, therefore, that the motion for a protective order should also be denied.

The motions of the defendants for summary judgment under Rule 56, and for a protective order under Rule 30(b), are in all respects denied.