**BLOOMER et al. v. SIRIAN LAMP CO.**
Civil No. 475.

District Court, D. Delaware.

Nov. 13, 1944.

Hugh M. Morris and Edwin D. Steel, Jr., both of Wilmington, Del. (of Morris, Steel & Nichols, of Wilmington, Del.), for plaintiffs.

William Bohleber and William R. Rawick, both of New York City, and Howard Duane, of Wilmington, Del., for defendant.

LEAHY, District Judge.

The motion is defendant's under Rule 30 (d), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to quash, in part, subpoena duces tecum served on Diebitsch, an officer of defendant, and to limit the scope of the inquiry. Plaintiffs, as holders of 785 shares of $100 par 8% cumulative preferred stock, seek to obtain a decree requiring defendant, as a solvent company, to be wound up under the supervision of a receiver appointed by this court. The complaint charges that in the past assets of defendant have been dissipated and wasted through grossly negligent or injudicious management, or through the unlawful acts of the management headed by one Braselton and others who were and are quite subservient to his wishes. It is also charged that more than fourteen years ago defendant completely discontinued the

business for which it was organized and from at least June of 1930 has not engaged in any of the business activities tor which it was chartered, and that there has accordingly been a complete and irremedial failure of defendant's corporate purposes and of its corporate management. An answer filed by defendant puts the case at issue.

From the complaint and answer the following facts appear: Defendant was organized in May of 1922 under the name of Universal Lamp and Wire Company; thereafter (and prior to the amendment of the certificate of incorporation in February 1923) the company issued 30,000 shares of no par value common stock and 115 shares of $100 par value preferred stock. In February of 1923 the certificate of incorporation was amended and the name of the corporation was changed to Sirian Lamp Company. The authorized capital was increased and 300,000 shares of common stock without par value were issued in exchange for 30,000 shares which had theretofore been issued. From time to time additional shares of the 8% cumulative preferred stock were issued so that now there are 17,118 shares outstanding. Subscribers for the preferred stock paid in cash or property the sum of $1,781,800. No dividends have ever been paid to the preferred stockholders. By the charter of the company sole voting rights have at all times been vested exclusively in the common stockholders.

At present, the net assets of the company are about $200,000. The amount which has been lost is due in large part to two items: (a) A loss of $663,958.94 sustained upon an investment in 585,200 shares of Arcturus Radio & Tube Company, and (b) the expenditures of $869,829.11 as of July 31, 1944, which have been charged to the following accounts:

| | |
|---|---|
| Development and experimental expenses | $607,698.16 |
| Organization expenses | 179,593.40 |
| Patents and Patent Rights | 82,537.55 |
| | $869,829.11 |

There are a number of facts not admitted which are now in issue.

1. The complaint charges that initially defendant issued 30,000 shares of its no par value common stock to a group of promoters, of whom Braselton was the dominant member, in consideration for personal property of little or no value. This is denied in the answer, which alleges that the 30,000 shares of no par value common stock were initially issued to one John Allen Heany in consideration for the granting of a royalty-free license under several patents whereby defendant could make, use and sell certain filament type incandescent electric lamps; and that of the initial issue of stock, only 212.5 shares thereof were issued to Braselton.

2. The complaint charges that the moneys contributed to the corporation by the preferred stockholders through the purchase of their shares has been dissipated, wasted and lost through grossly negligent or injudicious management, or through the unlawful acts of the management, headed by Braselton and elected by the holders of the common stock which was originally issued for a consideration having little or no value. Although the depletion of the assets is admitted, the cause alleged is denied in the answer.

3. The complaint further charges that defendant more than fourteen years ago completely discontinued the business for which it was organized and from at least June of 1930, defendant has not engaged in any of the business activities for which it was chartered. This is denied in the answer.

 Defendant seeks to limit plaintiffs' examination upon three grounds: (1) The matters specified in the motion are not material to any matter involved in this action; (2) inquiry into the matters specified in the motion will constitute an unwarranted fishing expedition; and (3) inquiry into the matters specified in the motion is now being sought by Cartwright and Westa, two of the plaintiffs in this action, in a mandamus suit pending in the Superior Court of Delaware against the defendant herein. Defendant also urges that since defendant intends to dissolve voluntarily under Delaware statutory procedure that this court should not exercise its discretion in appointing a receiver. In addition defendant filed affidavits stating that it had secured proxies from the requisite number of stockholders to effect a dissolution.* Defendant in support of

* I do not see how these affidavits help defendant, for a proxy not coupled with an interest is revocable at any time before it is acted upon. In re Chilson, 19 Del.Ch. 398, 168 A. 82.

its motion seeks to bar plaintiff from examining on the subjects of (a) contracts between defendant and its subsidiaries and officers or directors; (b) minutes of incorporators of Sirian Lamp Company; (c) writings pertaining to property transferred by defendant and its subsidiaries to officers or directors; (d) writings pertaining to property transferred to defendant and its subsidiaries by officers or directors; (e) amounts paid by defendant and its subsidiaries to officers and directors; and (f) from examining into the subject of development and experimental expenses, patents and patent rights, etc., unless plaintiffs limit their examination to ledger sheets of the defendant and subsidiaries which reflect transactions subsequent to December 31, 1931.

Before considering the specific motions it is necessary to consider the theory of plaintiffs' case for only in such a way is it possible to determine whether the requested information is relevant to the issues. The theory of the complaint is that because of past mismanagement and because of failure of corporate purpose, it is not safe to permit a company to dissolve under the Delaware statutory procedures, and that the corporate property can only be preserved by a receiver appointed under the general equitable powers of this court.

 I think a lot of confusion has been interjected as a result of a refusal to accept this proposition as the theory of the complaint. It may well be that the alleged facts are untrue, or that the theory is insufficient as a matter of law to support the relief sought. The sufficiency of the theory of the complaint as a matter of law is not now before me; nevertheless the matters sought are clearly relevant to the issues. The new Rules were intended to be interpreted liberally in favor of permitting the securing of pre-trial discovery. Rule 26. A party should not be foreclosed from examining on any subject which might conceivably have a bearing upon the subject matter of the action. In Lewis v. United Air Lines Transport Corp., D.C., 27 F.Supp. 946, Judge Hincks pointed out that a deposition was permissible which might "develop useful information," even though such information "may not be admissible or material upon the precise issue." In denying a motion to expunge a portion of a subpoena covering certain reports he said: "This paragraph of the motion is based upon the contention that the matter sought is immaterial. If so, an objection on that ground may be pressed at trial. Until the reports sought are presented to the court for inspection and ruling it is impossible to pass upon their admissibility." See also Union Central Life Ins. Co. v. Burger, D.C., 27 F. Supp. 556; Piccard v. Sperry Corp., D.C., 30 F.Supp. 171. It is apparent from these cases that depositions should be permitted to go forward unless the information sought upon the examination is "clearly privileged or irrelevant." In view of the theory of this complaint, it is impossible for me to hold that the information sought is "clearly privileged or irrelevant." I think, on the contrary, that the information sought is relevant to the issues. If the theory of the complaint is sound, it is clear that the burden is upon officers and directors who have dealt with the corporation to justify the transaction. See Loft, Inc. v. Guth, 23 Del.Ch. 138, 2 A.2d 225, affirmed 23 Del.Ch. 255, 5 A.2d 503. Much of the information sought relates to this problem. In other words, the information sought is all relevant to the issue of mismanagement. It is, of course, true that mismanagement, even if proved, will not alone support the relief which plaintiffs claim. But here again this is a matter not now before me. See Lewis v. Commonwealth Securities, Inc., D.C.Del., 51 F. Supp. 33.

 Since the information sought is relevant to the issues here, it is obvious that plaintiffs are not embarking upon a fishing expedition. There is, likewise, no merit to the argument that the pendency of the mandamus proceeding in the Delaware Superior Court is a bar to plaintiffs' proposed examination in the case at bar. This would be true even though it were conceded that the information sought in the mandamus proceeding were the precise information sought here.

Plaintiffs also urge that defendant's motion should be denied because it has not been made "seasonably." Without stating the facts in detail, I am of the opinion that this question is a very close one on the facts; but I prefer to rest my conclusion upon the ground that the information sought is relevant to the issues or, at least, is not "clearly privileged or irrelevant."

Defendant's motion to limit is accordingly denied.