BOWLES, Administrator, OPA, v. KELLER GLOVE MFG. CO., Inc.

No. 4115.

District Court, E. D. Pennsylvania.
July 18, 1945.

Sydney M. Friedman and Robert J. Callaghan, both of Philadelphia, Pa., and Fleming James, Jr., Charles Rembar, and L. George Reder, all of Washington, D. C., for plaintiff.

Harry Reiss Axelroth, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Defendant has filed objections to interrogatories propounded by plaintiff under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action brought by the Administrator of the Office of Price Administration charges violation of Section 4(a) of the Emergency Price Control Act of 1942, 56 Stat. 23, 765, 57 Stat. 566, 50 U.S.C.A. Appendix § 904(a), and the General Maximum Price Regulation, 7 F.R. 3153, and seeks treble damages and an injunction against further violations in accordance with the provisions of the Act. The alleged violations involve the sale and delivery of several thousand dozen staple work gloves between December 1, 1943, and January 20, 1944, at prices allegedly in excess of the maximum prices established therefor under the Regulation.

The interrogatories propounded by plaintiff are as follows:

(1) "State as to each designated style of staple work gloves listed in Exhibit A of the complaint the highest price at which you actually delivered the said designated styles of gloves in March 1942."

(2) "State as to each style of staple work gloves listed in Exhibit A of the complaint the number of dozens of each style delivered by you between December 1, 1943 and January 20, 1944 and the prices at which the said gloves were delivered during the said period."

Defendant's objections are made on the ground of immateriality and irrelevancy.

Section 1499.2 of the General Maximum Price Regulation provides several methods for computing ceiling prices designed to fit the status of business operations of any particular company as of March, 1942. According to the circumstances of each particular case the ceiling price may be (1) the highest price of a commodity actually delivered in that period, (2) the highest offering price for delivery during that month to a purchaser of the same class, (3) the highest price charged to a purchaser of a different class with proper adjustments, or (4) the highest price quoted to a particular class of customers before April 1, 1942, so long as no delivery at a lower price was made to that class in March, 1942, unless pursuant to a prior order.

As to the first interrogatory, defendant contends that the true test for establishing ceiling price in the instant case is the highest price at which the goods were sold in March, 1942, and therefore an interrogatory directed at the determination of the delivery price in that month is irrelevant. He cites in support of this argument Bowles, Acting Administrator, Office of Price Administration v. Good Luck Glove Co., D.C.,E.D.Ill., 52 F.Supp. 942. It was held there "that it was not the intent of Congress or of the Administrator to fix the ceiling as of March at the price fixed on outstanding contracts antedating March by several months. * * It was the intent to fix the ceilings at not higher than the highest prices charged for sales made and completed in the month of March," 52 F.Supp. 942, 943. If this view be accepted, then an interrogatory directed at delivery prices in March, 1942, may be irrelevant.

The pleadings do not indicate clearly which of the several methods described is the proper method which should be used to determine the ceiling prices in the instant case. Any one of the several methods permitted may be proper according to the facts as they will appear at trial. Until this point is established by the evidence it is impossible for the court to determine whether the price of goods delivered in March, 1942, is relevant in this proceeding. The question is certainly relevant to one method of maximum price determination which could have been used, Bowles, Administrator, v. Seminole Rock & Sand Co., 65 S.Ct. 1215, but whether it is relevant to the proper method of determining the ceiling price with regard to defendant cannot be now ascertained.

Answers to interrogatories are not considered evidence until offered as such at trial, and if it appears, at trial, that the answers are not material or relevant, they can be excluded upon proper objection. Coca Cola Co. v. Dixi-Cola Laboratories, Inc., D.C.Md., 30 F.Supp. 275. If the issues are not clear, it is better to require answers than to deny an interrogatory and subsequently find that it does call for relevant evidence. The defendant cannot be prejudiced if required to· answer at this time. Under such circumstances it is proper that the objection to the interrogatory be overruled and the defendant required to answer.

The position taken by defendant with regard to the second interrogatory is that the deliveries made between December

452

1, 1943, and January 20, 1944, alleged to be in excess of ceiling prices were in fulfillment of sales contracts consummated prior to the effective date of the Act, and that deliveries under prior contracts cannot be in violation of the Act. Therefore, defendant claims, any question with regard to delivery prices during the period of alleged violations is irrelevant, at least with regard to deliveries made under contracts executed before the Act.

Section 4(a) of the Act provides that any sale or delivery of a commodity in violation of any order or regulation promulgated under the Act is unlawful, regardless of the fact that it may have been made pursuant to a prior contract. Defendant's objection is based therefore on a proposition of law which cannot be maintained under the Act and it must be overruled.

Any contention that the provision of Section 4(a) is an unconstitutional abrogation of existing contracts goes to the validity of the Act and this Court is without jurisdiction to consider it. Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339. Section 204(d) of the Act, 50 U.S.C.A.Appendix § 924(d), reserves determination of such issues to the Emergency Court of the Emergency Court of Appeals. The objection to the second interrogatory is overruled.