PUERTO RICO WATER RESOURCES AUTHORITY, Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, Respondent.

Nos. 1655, 1656, and 1657. Argued November 4, 1946.— Decided January 23, 1947.

*Gabriel Guerra Mondragón, C. Domínguez Rubio, José Vilá Ruiz,* and *Antonio M. Bird* for petitioner. *E. Martínez Rivera* and *Luis Blanco Lugo* for interveners, plaintiffs in the main actions.

Mr. Chief Justice Travieso delivered the opinion of the court.

The Puerto Rico Water Resources Authority filed in this court three petitions for certiorari which involving, as they do, identical facts and the same legal question, will be decided in a single opinion herein.

Fernando Acevedo brought, in the District Court of Bayamón, an action against the Water Resources Authority, claiming the sum of $15,000 as damages for the destruction by fire of a house owned by him. He alleged that the fire was caused by the electric current which the defendant supplied to the tenants of said house for light and power service, and that the occurrence was due solely to the carelessness and negligence of the defendant in maintaining its transmission lines with bad and defective equipment and without proper supervision.

Before answering the complaint, the defendant filed a motion for a bill of particulars as to: (a) whether the house was insured, the amount of the insurance, and the name of the insurer; (b) materials used in the construction of the house; (c) names of the tenants and rent paid by each of them; (d) manner in which the electric current caused the fire; what equipment was defective, and in what consisted the lack of supervision and care, and negligence on the part of the defendant. The court granted the motion as to the specification of the names of the tenants and rents paid by them; and denied it as to the other particulars.

After the plaintiff had furnished the particulars ordered by the court, the defendant answered the complaint denying the essential averments thereof and alleging several special defenses. Subsequently to the filing of its answer, the defendant filed in the lower court a document entitled "Interrogatories to the Plaintiff," wherein the plaintiff was required to answer under oath the same questions embodied in the bill of particulars, denied by the court, and, furthermore: (a) to furnish the names, addresses and residences of the witnesses and experts intended to be used by plaintiff to substantiate his claim and which witnesses he will use to support each one of his allegations; (b) if he has any photograph or films of the house, taken before or after the fire, to furnish the name and address of the photographer and the date on which they were taken; and (c) name and

address of the person who made the electric installation in the house destroyed.

The plaintiff objected on the grounds (1) that the information requested is immaterial and irrelevant; (2) that defendant's motion is a "fishing expedition," the only purpose of which is to delay and obstruct the proceedings; (3) that the information asked for is rather within the knowledge of the defendant, since 'it is of a technical character, and, furthermore, the instrumentalities which occasioned the fire were under the control of the defendant; and (4) because the information requested as to the allegation of negligence is and was the subject of a bill of particulars.

On April 12, 1946, the lower court issued an order confirming its order of January 18, 1946, whereby it denied the motion for a bill of particulars, and granting the interrogatory as to the name and address of the person who made the electric installations in the house.

The defendant thereupon petitioned this court for a writ of certiorari to review the above-mentioned order of April 12, 1946. On the 24th of the same month, the petition was denied, as this court considered that the lower court had not had an adequate opportunity to pass upon the question raised, it not having been informed that the hearing of April 12 dealt with a matter distinct from that which was decided on January 18, 1946; and that the defendant, in failing to inform said court adequately, permitted it to believe that it was simply the renewal of a petition which had already been denied. The defendant then requested a reconsideration of the order of April 12, 1946, and upon its request being refused, it instituted in this court the certiorari proceedings now under consideration.

The petitioner maintains that the error of the lower court consists in its having decided the objection of the plaintiff to the interrogatories as if a new motion for a bill of particulars were involved.

■ Rule 12(e) of the Rules of Civil Procedure provides that before answering a pleading "a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading." It further provides that "a bill of particulars becomes a part of the pleading which it supplements."

The fundamental purpose of said Rule 12(e) is to furnish the party required to answer a complaint or claim with all the data and details which are related and pertinent to the case, so as to enable that party to prepare a responsive pleading.

Rule 33 of the Rules of Civil Procedure provides that "any party may serve upon any adverse party written interrogatories to be answered by the party served"; that "the interrogatories shall be answered separately and fully in writing under oath"; that "objections to any interrogatories may be presented to the court within 10 days after service thereof"; and that "answers shall be deferred until the objections are determined, which shall be at as early a time as is practicable."

The decisions of the Federal courts which construe the above-mentioned Rules 12(e) and 33, establish the following distinctions between the objects and purposes of each rule:

"One of the fundamental distinctions between Rule 12(e), 28 U.S.C.A. following section 723 c, which provides for a bill of particulars, and Rule 33, which provides for interrogatories, is that under the latter a party may seek disclosure of matters which disclosures may later be introduced in the record as evidence; while under the former, a party may properly only seek disclosure of matters which become part of the pleadings, and which are necessary to enable the moving party properly to prepare his answer, or to prepare for trial." *Sure-Fit Products Co.* v. *Med-Vogue Corporation*, 28 Fed. Supp. 489, 490.

"... Rule 12(e) permits the moving party to require the other party to define the issues with as much particularity as necessary. Rule 33, on the other hand, permits the moving party to ask for

proofs. Information furnished under Rule 33 may become part of the trial record: information furnished in response to a motion under Rule 12(e) becomes part of the pleadings.'' *Adams* v. *Hendel,* 28 Fed. Supp. 317, 318.

See 1 Moore's Federal Practice, 657, and cases cited therein.

The interrogatories were propounded and served on the plaintiff prior to the filing of the answer. The first paragraph reads thus: "In accordance with Rule No. 33 of Civil Procedure for the Courts of Puerto Rico, the defendant requires you to answer under oath the following interrogatories." Hence, we are dealing with interrogatories put for the purpose of discovery and not with a motion for a bill of particulars.

Rule 33, as well as all the other rules, should be construed so as to insure a just, speedy, and economical determination of the action brought. That rule recognizes the right of every litigant to require the adverse party to answer separately, fully, and in writing the interrogatories served upon him. The rule does not contain any limitation of that right. The Federal decisions unanimously hold that Rule 33 should be construed with the same liberality as Rule 26, which provides in its subdivision (b) that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

We have carefully examined each and all of the interrogatories served on the plaintiff. None of the questions asked is of a privileged character, nor so clearly irrelevant as to justify an order of the court denying the interrogatories. On the contrary, whether or not the house was insured; whether the house was of wood, cement, or mixed construction; the manner in which the fire started; in what consisted the alleged negligence of the defendant; what equipment of the defendant was defective; and in what consisted the lack of

supervision of the defendant, are facts, in our judgment, relevant to the question involved in the pending action. The interrogatories do not constitute evidence until they are offered and considered as such at the hearing of the case. The court has authority to reject them in whole or in part when in its judgment they are immaterial, irrelevant, or impertinent to the cause of action. Interrogatories should not be stricken out on the ground of irrelevancy, since the trial court can exclude the answers and refuse to admit them as evidence if they turn out to be irrelevant. *Patterson Oil Terminals* v. *Charles Kurz & Co., Inc.*, 9 Fed. Rules Service 33.321, Case 2 (D.C. Pa. 1945). If the issues of a case are not clear, it is better to require answers than to deny an interrogatory and subsequently find that it does call for relevant evidence. *Bowles* v. *Keller Glove Mfg. Co.*, 4 F.R.D. 450, 451 (D.C. Pa. 1945); *Bloomer* v. *Sirian Lamp Co.*, 4 F.R.D. 167.

■ The so-called "fishing expeditions" are permitted under the Rules of Civil Procedure. *Boysell Co.* v. *Hale,* 30 F. Supp. 255; *Byers Theaters* v. *Murphy,* 1 F.R.D. 286; *Gutowitz* v. *Pa. R. Co.,* 9 Fed. Rules Service 33.321, Case 1; 2 Moore's Federal Practice 2620–2621. As stated by the text writer Holtzoff:

"As a matter of fairness, if there appears to be a reasonable probability or even possibility that there may be fish in the pond, there is no reason why the litigant should not be permitted to endeavor to catch them." Holtzoff, Instruments of Discovery Under Federal Rules of Civil Procedure, 41 Mich. L. Rev. 205, 6 Fed. R. Serv. 864.

■■ The purpose of the rules for discovery is to obtain admissions from the adverse party in order to narrow the issues and to limit the number of witnesses to be produced at the trial. It is for this reason that it has been held that because a party has knowledge of certain facts said party is

not precluded from interrogating the adverse party on those same facts.[1]

It is true that the courts are and must be vested with ample discretion to decide whether or not an interrogatory is proper; and that the appellate courts should only interfere where an abuse of discretion is involved.

The decision in *Pierce* v. *Pierce*, 5 F.R.D. 125 (D. C. Feb. 27, 1946) is applicable to the case at bar:

"One of the purposes of interrogatories is to narrow the issues and to enable the interrogating party to ascertain precisely what he will have to meet at the trial. This purpose is served by the interrogatories involved in this action. For this reason they appear to be proper. The mere fact that the defendant has filed an answer denying the charges set forth in the complaint is no reason why he should not have the specifications requested by the interrogatories, because in preparation for trial he is entitled to know precisely what he will have to meet.

"Sometime ago I denied a motion for a bill of particulars requesting the same information, because the weight of authority is to the effect that bills of particulars should not be ordered for the purpose of expanding or specifying details of allegations contained in the complaint, if the complaint sets forth a cause of action to which defendant can frame an answer. The reason for not permitting bills of particulars in such situations is that motions for bills of particulars have a dilatory effect. The courts have held, again and again, that information of the kind sought here should be requested by discovery after issue is joined.

"* * * * * * *

"Among the purposes and objectives of the Federal Rules of Civil Procedure are the elimination of the element of surprise and the narrowing of the issues for the trial."

The petitioner herein was entitled, as a party defendant, to request and obtain the names and addresses of the witnesses of the plaintiff, under Rule 33 and Rule 26(*b*), which accords a right to the disclosure of the identity and location of persons having knowledge of relevant facts. 2

---

[1] *Benevento* v. *A. & P. Food Stores, Inc.*, 26 Fed. Supp. 424; *Coca-Cola Co.* v. *Dixi-Cola Laboratories*, 30 F. Supp. 275; *Samuel Goldwyn, Inc.* v. *United Artists Corp.*, 35 F. Supp. 633; 2 Moor's Fed. Practice, 2617-2618.

804

Moore's Fed. Practice, 2621; *Whitkop* v. *Baldwin*, 1 F.R.D. 169; *Greden* v. *Central R. Co.*, 1 F.R.D. 168.

In the case of *Hickman* v. *Taylor*, 329 U. S. 495, the Supreme Court of the United States in a lengthy and interesting opinion construes Rules 26 to 37 of the Federal Rules of Civil Procedure, and points out their scope and limitations. We commend to the members of the Bar a reading of said opinion, as well as of the concurring opinion of Mr. Justice Jackson, for in them are established the standards to be followed in the application of the rules regarding depositions, interrogatories, and production of documents.

We are of the opinion that the questions set forth in the interrogatories propounded by the petitioner are proper and that the respondent court abused its discretion in not permitting said interrogatories.

The order sought to be reviewed should be set aside and the case remanded to the lower court for further proceedings not inconsistent with this opinion.