Breswick & Co. et al., as Stockholders of Harrison-Rye Realty Corporation, on Behalf of Themselves and All Other Stockholders of Said Corporation Similarly Situated, Appellants, and Florence W. Brill, as the Owner and Holder of Common and Class B Preferred Stock of Said Corporation, et al., Interveners, Respondents, v. Harrison-Rye Realty Corporation et al., Appellants; Commodore Hotel, Inc., Impleaded Defendant-Appellant, et al., Defendants.— In a stockholders' derivative action, order insofar as appealed from granting leave to intervene and impleading as party defendant the Commodore Hotel,

Inc., reversed on the law and the facts, with $10 costs and disbursements, and motion denied, with $10 costs. The only cause of action in the proposed complaint brought on behalf of the Harrison-Rye Realty Corporation is that adapted from the original complaint, namely, relating to the 1947 lease. The only intervener who is an owner of stock of the realty corporation became such after the transaction and is precluded from maintaining this suit (General Corporation Law, § 61; *Eisenberg* v. *Grossman*, 275 App. Div. 946; *Capitol Wine & Spirit Corp.* v. *Pokrass*, 277 App. Div. 184.) The moving parties have no standing to intervene by virtue of ownership of stock of Commodore Hotel, Inc., which in turn is the owner of stock of the realty corporation. A double derivative suit may be maintained only where the relationship between two corporations is that of the holding company and operating company (*Goldstein* v. *Groesbeck*, 142 F. 2d 422; *United States Lines* v. *United States Lines Co.*, 96 F. 2d 148, 151; *Hirshhorn* v. *Mine Safety Appliances Co.*, 54 F. Supp. 588; *Piccard* v. *Sperry Corporation*, 30 F. Supp. 171) or where a parent corporation owns and controls a subsidiary (*Holmes* v. *Camp*, 180 App. Div. 409). There is no claim or showing of such relationship between the corporation in which the applicants own stock and the realty corporation. It is undisputed that Commodore Hotel, Inc., is merely a creditor by virtue of its ownership of preferred stock of the realty corporation. There is no common question which warrants intervention within discretion under subdivision 2. of section 193-b of the Civil Practice Act. The action against Commodore to restrain it from selling its stock to the realty corporation is, so far as alleged, one against the interests of the realty corporation. Intervention ostensibly on behalf of the realty corporation would work a prejudice to the stockholders' action and complicate and confuse the issues. (*United States* v. *1,830.62 A. Of Land In Botetcourt County*, 51 F. Supp. 158, 161.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur. [See *post*, p. 892.]