M. Henry Martuscello, J.
In this derivative stockholders’ action, plaintiff moves for an order permitting proposed stockholders to intervene as party plaintiffs; and to vacate an order of this court entered May 19, 1958 requiring plaintiff to file security in the amount of $60,000 for the expenses which may be incurred by the defendants. The order further provides therein that plaintiff would have the right to move to vacate it in the event that by October 15,1958 (extended by stipulation of the parties to Nov. 15, 1958) he would procure other stockholders, whose holdings, together with his, comprise 5% of the issued stock or a value in excess of $50,000, to join with him as party plaintiffs. The stockholders sought to be brought in as party plaintiffs own, together with plaintiff, stock valued at more than $50,000.
The defendants contend that many of the proposed intervenors were not stockholders at the time of the transaction complained of in the first cause of action and thus should not be permitted to intervene as to that cause; and consequently the market value of their shares cannot be included in determining whether the aggregate stock holdings of the plaintiff and the intervening plaintiffs have a market value in excess of $50,000. Without said shares the aggregate stock holdings are less than $50,000 in value and accordingly defendants conclude that security should be required with respect to the first cause of action. As to the second cause of action, although defendants concede that the proposed intervenors were stockholders at the time of the transaction complained of therein, they assert that certain conditions, which will be referred to hereafter, should be complied with by the proposed intervenors prior to the granting of permission to intervene.
To entitle one to bring a derivative action, stock ownership at the time of the wrongful act complained of must be shown (Noel Associates v. Merrill, 184 Misc. 646). To entitle one to be intervened in such an action, it is obvious that the same must be shown (Breswich & Co. v. Harrison-Rye Realty Corp., 280 App. Div. 820). However, it is not necessary for one to be a *379 holder at the time of every wrongful act; sufficient is it if he is a holder during at least one of the complained acts (see Perry v. Shamoon Ind., 11 Misc 2d 137). Since all of the proposed intervenors were stockholders at the time of the transaction complained of in the second cause of action, they are entitled to be intervened. The question, however, arises whether or not the conditions requested by the defendants should be imposed as a precedent to such intervention. The proposed conditions are as follows: (1) that the actual signed consents to intervene should be submitted for verification; (2) that proof should be submitted that the proposed intervenors own their shares outright and that they are not pledged with anyone else; and (3) that the stock owned by them should be deposited with the court.
Since the plaintiff has annexed to his replying papers the consents to intervene, there is no useful purpose in belaboring the proprieties of the first proposed condition. With respect to the second proposed condition, no authority can be found to support it. In effect, what it proposes is that the valuation base called for by section 61-b of the General Corporation Law shall be the net equity value, rather than the market value of the stock, as provided for in said section. If the Legislature had intended another valuation base than the market value, it would have specifically so provided. Nor can any authority for the third proposed condition be found. In Purdy v. Humphrey (187 Misc. 40) the court ordered the deposit of the stock but only after the plaintiff volunteered to do so; but no other reported case has been found showing that any similar action was taken by any other court.
It is also urged that, in any event, to obtain exemption from the security requirements, the applicants must have owned more than $50,000 worth of stock with respect to each cause of action at the time of the acts complained of and, since the holdings of the applicants with respect to the first cause of action are less than $50,000, security should be required with respect to said cause. I find nothing in section 61-b of the General Corporation Law, or in any reported decision, that supports this view. Said section should be reasonably construed so as to carry out the primary purpose for its enactment, which was not to exact security if litigation was found to be unwarranted, but rather to frustrate a “ strike action ” by an owner of a small amount of stock, by requiring a fixed amount of stock, which the Legislature felt would be indicative of a legitimate financial stake in the corporation to justify the institution or maintenance of an action. It is reasonable to assume that if the Legislature *380 intended to require security for each cause of action rather than for an action in its entirety it would have found apt words for that purpose. Therefore it occurs to me that inquiry into the quantity of causes of action contained in a complaint is in order only where security for costs is required, and then for the sole purpose of fixing the amount of security to be posted.
The motion is granted in all respects.
Settle order on notice.