■ LOUIS RICHMAN, Respondent, et al., Plaintiffs, v. LAURENCE B. FELMUS et al., Defendants, and JOE WEINSTEIN et al., Appellants.— In a stockholders' derivative action, the appeal is from so much of an order as granted respondent's motion to permit additional stockholders to intervene, and as vacated a previous order which required respondent to post security, without prejudice to an application to eliminate the security requirement in the event of the intervention of other stockholders whose holdings, when considered together with respondent's holdings, would comprise at least 5% of the outstanding stock, or have a market value in excess of $50,000. Order modified to the extent of providing that only those intervenors may become parties to the first cause of action who owned some stock in April, 1952, the time of the transaction therein complained of, and that those intervenors who became stockholders after April, 1952 may become parties to the second cause of action only, and to the further extent of providing that an application may be made for reinstatement of security requirements if, during the pendency of the action, the market value of the aggregate holdings of the parties plaintiff in either cause of action is insufficient to meet the requirements of the statute. As so modified, order insofar as appealed from affirmed, without costs. Any intervenor who owned any amount of stock in April, 1952 may become a party to the first cause of action, and, if such an intervenor thereafter acquired additional stock, then all of such stock, no matter when acquired, may be counted for the purpose of making up the total statutory requirements to avoid furnishing security (*Purdy* v. *Humphrey*, 187 Misc. 40). However, other stockholders could not have sued originally upon this cause of action and should not, therefore, be permitted to intervene therein (General Corporation Law, § 61; *Breswick & Co.* v. *Harrison-Rye Realty Corp.*, 280 App. Div. 820). Intervenors who became stockholders after April, 1952 may intervene in the second cause of action only. It cannot be disputed that intervenors eligible to participate in the second cause of action own sufficient stock to avoid furnishing security. The security requirements of section 61-b of the General Corporation Law may not be avoided by joining causes of action in which security is not required with causes in which security is required. Based upon these principles, and allowing for withdrawals and disposition of some holdings subsequent to the making of the motion at Special Term, the total stock, the holders of which may properly become parties to the first cause of action, consists of 2,400 shares. Since the argument of the appeal, these 2,400 shares have had a market value of more than $50,000. The present market value controls our decision (*Matter of Baker* v. *Macfadden Pubs.*, 300 N. Y. 325; *Matter of Forbell*, 198 Misc. 753, affd. 278 App. Div. 953). Security, therefore, may not now be required. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.

■ LOUIS RICHMAN, Respondent, et al., Plaintiffs, v. LAURENCE B. FELMUS et al., Defendants, and JOE WEINSTEIN et al., Appellants. (Action No. 1.) ARTHUR WITMONDT, Respondent, v. JOE WEINSTEIN et al., Defendants. (Action No. 2.) — In a stockholder's derivative action pending in the Supreme Court, Kings County (Action No. 1), the appeal is from an order denying appellants' motion to remove Action No. 2 from the Supreme Court, New York County, to the Supreme Court, Kings County, and to consolidate it with Action No. 1, and for other relief. The motion was denied without prejudice to renewal after the determination by this court of an appeal from an order in Action No. 1 entered January 6, 1959. Appeal dismissed, without costs. We find no reason, in this record, for deviation from the general rule that no appeal lies from an order denying a motion without prejudice to renewal (*Blair*

v. *Holzberg,* 4 A D 2d 674). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.