**Hugh A. BARNWELL et al., Appellants,**

v.

**FOX & JACOBS CONSTRUCTION COMPANY, Appellee.**

No. 17593.

Court of Civil Appeals of Texas, Dallas.

June 4, 1971.

J. Ray Riley, DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

Robert E. Wood, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Venue action. Fox & Jacobs Construction Company brought this action in the District Court of Dallas County against Mills & Beavers Construction Company, Inc., Hugh A. Barnwell and wife Avis R. Barnwell, Jefferson County Savings & Loan Association, and First Mortgage Company of Texas, Inc. In the first count of the petition plaintiff alleged that on or about April 15, 1969 it agreed to furnish to Mills & Beavers Construction Company a quantity of building materials designed for the construction of a house on property located in Harris County. It was alleged that Mills & Beavers accepted the materials and used same as improvements on the real property and promised to pay plaintiff the sum of $9,718. Exhibit A, attached to the petition, was alleged to contain "a true and correct account of the materials furnished and the prices agreed to be paid therefor." Exhibit A is in two parts, each being a printed invoice from Fox & Jacobs to Mills & Beavers and describing certain building materials. Each invoice recites "Payable in Dallas County, Dallas, Texas." Each invoice contains thereon the written name: "J. Dale." Also attached to the petition are sixty-four other invoices, none of them signed by "J. Dale" or anyone else.

The petition then alleges that on June 16, 1969 the plaintiff filed with the County Clerk of Harris County an affidavit and claim for materials furnished which established a statutory and constitutional lien upon the real property involved. A copy of the affidavit and claim was attached

and marked Exhibit B. It was then alleged that Jefferson County Savings & Loan Association and First Mortgage Company of Texas, Inc. were asserting a lien against the property involved but that plaintiff was entitled to have a materialmen's lien foreclosed as being superior to the liens asserted by the defendants.

Hugh A. Barnwell and wife, and First Mortgage Company of Texas, Inc. filed their pleas of privilege seeking to have the suit transferred to Harris County, the county of their residence. Jefferson County Savings & Loan Association filed its plea of privilege seeking, under the provisions of subdivision 12 of Art. 1995, Vernon's Ann.Civ.St. of Texas, to have the suit transferred to Harris County, the county where the property subject to attempted foreclosure was located. Mills & Beavers Construction Company, Inc. filed its plea to have the suit transferred to Galveston County, the county of its residence.

Fox & Jacobs filed its controverting plea to the plea of privilege filed by Mills & Beavers in which it was alleged that venue of the suit against said defendant is maintainable in Dallas County because said defendant had contracted in writing to perform an obligation in Dallas County within the meaning of subdivision 5 of Art. 1995, V.A.C.S.

Fox & Jacobs also filed its controverting plea to the pleas of privilege filed by the other defendants in which it was contended that since venue of the suit was maintainable in Dallas County as to Mills & Beavers under subdivision 5 of Art. 1995, V.A.C.S., venue against the other defendants was also maintainable in Dallas County because they were necessary parties within the meaning of subdivision 29a of Art. 1995, V.A.C.S.

The trial court entered an order overruling all the pleas of privilege. Mr. and Mrs. Barnwell, Jefferson County Savings & Loan Association, and First Mortgage Company of Texas, Inc., appeal. Mills & Beavers Construction Company, Inc. did not perfect an appeal.

The material facts are largely without dispute and may be briefly summarized. On March 31, 1969 Friendswood Development Company conveyed Lot 7, Block 11, Oak Brook West, Section 2, a subdivision of Harris County, Texas, to Mills & Beavers, said deed being duly recorded in the Deed Records of Harris County, Texas on May 19, 1969. By deed of trust dated April 10, 1969, Mills & Beavers conveyed the property described to a trustee to secure the payment of an indebtedness evidenced by a promissory note in the principal amount of $29,000, payable to the order of First Mortgage Company of Texas, Inc., said deed of trust being recorded on April 16, 1969. By deed dated June 11, 1969, Mills & Beavers conveyed the property described to Hugh A. Barnwell, and Avis R. Barnwell, said deed being recorded on July 18, 1969. By deed of trust dated June 11, 1969 Barnwell and wife conveyed the property to a trustee to secure the payment of an indebtedness evidenced by a promissory note in the principal amount of $31,500 payable to First Mortgage Company of Texas, Inc., said deed of trust being recorded on July 18, 1969. On July 18, 1969 First Mortgage Company of Texas, Inc. sold, assigned and transferred and delivered the above described promissory note to Jefferson County Savings & Loan Association, said instrument being recorded on July 18, 1969.

Fox & Jacobs Construction Company, a Texas Corporation with offices in Dallas, was engaged in the business principally of processing and delivering house packages to builders. John Valentine, marketing manager for Fox & Jacobs, testified that on April 3, 1969 he, on behalf of Fox & Jacobs, agreed to ship certain building materials to Mills & Beavers Construction Company in Harris County. He testified that the agreement was in writing. By letter dated April 3 Fox & Jacobs submitted a written offer to Mills & Beavers. This offer was accepted by letter from Mills &

Beavers dated April 4, 1969. Valentine said that the materials were later forwarded to Mills & Beavers by trucks and delivered to the premises in Harris County. Valentine identified Exhibits 1 and 2 as being printed forms of invoices dated April 15, 1969 and April 23, 1969. These forms contain description of materials furnished Mills & Beavers in Harris County. Each form contains the statement "Payable in Dallas County, Dallas, Texas," and contained the written signaturue "J. Dale." He was asked: "Mr. Valentine, do you know a Jay Dale?", to which he responded, "No, I don't."

Robert Wixon, Comptroller for Fox & Jacobs, testified that Exhibits 1 and 2 were standard invoices and "this particular pink copy used as a delivery ticket and receipted by a foreman on the job." He had no personal knowledge of the transaction but knew that the account had not been paid. Wixon identified Exhibit No. 4 which was a copy of affidavit filed with the Clerk of Harris County establishing materialmen's lien for Fox & Jacobs.

Testimony was offered by First Mortgage Company of Texas to the effect that such company had no knowledge of the materialmen's claim being asserted by Fox & Jacobs at the time it advanced money secured by its deed of trust.

Appearing in the transcript, though not admitted in evidence during the hearing, are interrogatories propounded by Fox & Jacobs to Mills & Beavers pursuant to Rule 168, Vernon's Texas Rules of Civil Procedure. These interrogatories were answered by the attorneys for Mills & Beavers, such answers reflecting that a person whose last name is "Dale" and whose first or middle initial is "J" was an employee of Mills & Beavers as job foreman from February 15, 1969 to August 11, 1969.

The trial court made and filed numerous findings of fact, the essential ones being: that Mills & Beavers placed an order for building materials with Fox & Jacobs which was accepted by Fox & Jacobs on April 15, 1969; that the materials were delivered to the location in Harris County by Fox & Jacobs; that two written invoices, both by their terms payable in Dallas County, Texas, were signed by J. Dale on April 25 and May 7, 1969; that J. Dale was an employee of Mills & Beavers; that Mills & Beavers failed to deny execution of the invoices and failed to deny the authority of J. Dale to execute them; that the account had not been paid; that a mechanic's lien affidavit in proper form was duly filed with the Clerk of Harris County on June 16, 1969 on behalf of Fox & Jacobs.

In its conclusions of law the trial court said: that Mills & Beavers had a written obligation, performable in Dallas County, and that venue against Mills & Beavers is maintainable in Dallas County by virtue of subdivision 5 of Art. 1995, V.A.C.S.; that Fox & Jacobs has a mechanic's lien against the property described in Harris County; that First Mortgage Company of Texas, Inc., Jefferson County Savings & Loan Association, Hugh A. Barnwell, and Avis R. Barnwell, are necessary parties to the action within the meaning of subdivision 29a of Art. 1995, V.A.C.S.

OPINION

Appellants primarily assail the judgment in ten points of error. In these points, grouped together, appellants basically contend that the court's ruling wholly depends upon proof of the propriety of venue in Dallas County against Mills & Beavers Construction Company by virtue of subdivision 5 of Art. 1995, V.A.C.S., and since it affirmatively appears from the record that appellee Fox & Jacobs wholly failed to carry its burden of establishing by probative evidence a written contract, payable in Dallas County, against Mills & Beavers, there was no basis in law for holding appellants in Dallas County.

In their second group of points appellants contend that under the record as made they are not necessary parties to the

action within the meaning of subdivision 29a, of Art. 1995, V.A.C.S., and hence cannot be held in Dallas County.

Certain basic and well established rules of law governing the proper resolution of the questions presented by this appeal should now be noted.

■ (1) The privilege granted by law to be sued in the county of one's residence is a most valuable right which should not be taken away by virtue of technicalities or on a doubtful or strained construction of any exception provision. Where there is equal doubt between the exception and the right to be sued in one's own county, the doubt should be resolved in favor of the right. 59 Tex.Jur.2d, Venue, § 14, pp. 382 et seq.; Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (1951).

■ (2) In order to defeat a defendant's privilege of being sued in the county of his residence, when challenged, the burden is upon the plaintiff to allege and prove, by a preponderance of competent evidence, the facts necessary to bring the case within the particular exception to Article 1995, as alleged. Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W.2d 824 (1931); Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (1931); Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935); Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941); and Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W.2d 694 (Tex.Civ.App., Tyler 1965).

■ (3) Exception 29a is one which is never considered alone, but always in conjunction with some other subdivision of the statute. A plaintiff who relies upon this exception must therefore allege and prove: (1) the venue facts which show that the suit is maintainable where brought against at least one defendant under another subdivision of the statute, and (2) that the remaining defendants, whom he seeks to hold under subdivision 29a, are necessary parties within the meaning of that subdivision. Ladner v. Reliance Corporation, 293 S.W. 2d 758 (Tex.Sup.1956).

■ (4) Where a statement of facts appears in the record the findings of fact filed by the trial court are not conclusive on appeal. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156 (1950).

■ In the light of these rules of law we have carefully reviewed the entire record before us and agree with appellants that appellee failed in its effort to establish by competent evidence the essential venue facts necessary to prove a contract in writing against Mills & Beavers performable in Dallas County by virtue of subdivision 5, Art. 1995, V.A.C.S. This exception provides that if a person contracted in writing to perform an obligation in a particular county, expressly naming such county, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. A number of cases have been decided under this exception involving written invoices which contain statements relating to payment of the account in a designated county. Where the party seeking to maintain venue under subdivision 5 proves that the written invoice itself is the consummated contract then it has been held that the statutory exception is applicable. Vinson v. Horton, 207 S.W.2d 432 (Tex.Civ.App., Texarkana 1947); Dowdell v. Ginsberg, 244 S.W.2d 265 (Tex.Civ. App., Fort Worth 1951); Harrison v. Facade, Inc., 355 S.W.2d 543 (Tex.Civ. App., Dallas 1962). However, in those cases where it is shown that the invoice relied upon came subsequent to the consummation of a completed agreement between the parties it is held that such could not form the basis of an exception to the venue statute. In other words, a completed contract, which does not include provisions establishing place of performance, may not be enlarged or altered to include these venue provisions by a later invoice, especially one shown to be nothing more than a de-

livery receipt. Trans-South Hydrocarbons Company v. Trinity Industries, 419 S.W.2d 662 (Tex.Civ.App., Dallas 1967); Knapp Corporation v. Lofland Company, 466 S.W.2d 847 (Tex.Civ.App., Dallas, decided April 23, 1971).

■ The evidence before us is clear that Fox & Jacobs made an offer to sell the materials to Mills & Beavers and the offer was accepted before delivery of the goods. This would indicate a consummated contract but no proof was offered concerning any designated place of payment of such contract. Subsequent to this the materials were delivered to Harris County and two pink copies of invoices, both bearing the purported signature "J. Dale" and reciting payment to be made in Dallas County, Texas, appeared. We do not believe that under these facts and circumstances the appellee has met its burden of proving by competent evidence that the two invoices constitute a consummated contract between the parties payable in Dallas County, Texas.

■ We also agree with appellant that the trial court improperly admitted into evidence Exhibits 1 and 2, being the pink copies of the invoices relied upon by appellee to establish venue. There was no proof that "J. Dale" signed the invoices and if he did there is no proof that he was the agent of Mills & Beavers possessed of authority by that company to sign the same. It is no answer to say that since Mills & Beavers failed to deny execution of the invoices or to deny the authority of "J. Dale" to execute them, said invoices were established as competent evidence of such execution and authority. This for the simple reason that Rule 93(h), T.R.C.P., relied upon by appellee and by the court in making its finding, has no application. This rule provides that where a pleading is filed in which it is charged that an instrument was executed by a person or by his authority that there must be a verified denial of such execution, or the authority to execute, and in the absence of such a

sworn denial the instrument shall be received in evidence as fully proved. An examination of appellee's pleadings, however, reveals that nowhere therein is it alleged that the invoice, or invoices, charged to be the contract between the parties, was executed by "J. Dale" or that J. Dale signed the same with authority from Mills & Beavers. Since there were no allegations as provided for in the rule it necessarily follows that there was no necessity for verified denial. Woods v. P.B.S. Motor Company, 288 S.W.2d 557 (Tex.Civ.App., Texarkana 1956); Sinclair Refining Co. v. Womack, 66 S.W.2d 402 (Tex.Civ.App., Eastland 1933); Collins v. F. M. Equipment Co., 162 Tex. 423, 347 S.W.2d 575 (1961); and K. T. Lease Service, Inc. v. Alamo Welding & Boiler Works, Inc., 431 S.W.2d 58 (Tex.Civ.App., San Antonio 1968).

■ Appellee contends that certain interrogatories propounded to Mills & Beavers, pursuant to Rule 168, T.R.C.P., and answers made by the attorney for Mills & Beavers in response thereto, constituted legally sufficient evidence to establish the identity and authority of "J. Dale". We cannot agree with this contention. The answers to the interrogatories were never offered or accepted in evidence. It is evident, however, that the trial court considered the answers to the interrogatories in making findings of fact and rendering judgment. Since the interrogatories and answers thereto were not offered or admitted in evidence we do not believe that they constituted evidence against appellants and the trial court erred in considering same.

Rule 168, T.R.C.P., is specific in its terms that the answers given may be used only against the party answering the same and are "subject to any objections as to admissibility." It seems clear to us that unless the answers to the interrogatories are offered in evidence no objections could be made to the admissibility thereof.

While we have found no appellate decision in Texas on the question that answers

to interrogatories propounded under Rule 168, T.R.C.P., are not evidence until offered and admitted in evidence at the trial, two legal writers who have faced the question agree with appellants. Klein, "Written Interrogatories and Requests for Admissions", 19 Baylor Law Rev. 133, 138 (1967), and Spencer, "Uses and Abuses of Rule 168—Interrogatories to Parties", 26 Tex.Bar Journal 919, 968 (1963). Rule 168, with certain changes, was derived from Rule 33, Federal Rules of Civil Procedure. The federal decisions hold that answers to interrogatories under Rule 33 are not evidence until offered and admitted into evidence at the trial. Montgomery Ward & Co., Inc. v. Fotopoulos, 32 F.R.D. 333 (D.C.Minn.1963); Patterson Oil Terminals, Inc. v. Charles Kurz & Company, Inc., 7 F.R.D. 250 (D.C.E.D.Pa.1945); Bowles v. Keller Glove Mfg. Co., 4 F.R.D. 450 (D.C.E.D.Pa.1945); Barron & Holtzoff, 2A Federal Practice and Procedure (Rules Edition), § 778 (1961). See also Mick v. American Dental Ass'n, 49 N.J.Super. 262, 139 A.2d 570, 577 (Appellate Div. 1958).

It is our conclusion that Rule 168, T.R.C.P., unlike Rule 169, T.R.C.P., which deals with admissions, logically requires the offer and acceptance into evidence of the interrogatories before same may be considered as evidence in support of a judgment.

We accordingly hold that appellee failed to maintain its burden of proof of showing a valid contract between appellee and Mills & Beavers which was performable in Dallas County, Texas. Appellants' first ten points of error are sustained.

Our holding that appellee has failed to establish its right to invoke exception 5 renders it unnecessary that we pass upon appellants' sixth, seventh and eighth points of error relating to the question of subdivision 29a of Art. 1995, V.A.C.S. We are convinced, however, that appellants are correct in their contention that appellee also failed to maintain its burden as specified by the Supreme Court in Ladner v. Reliance Corporation, 156 Tex. 158, 293 S. W.2d 758 (1956), by not only alleging but proving by independent evidence that appellants were necessary parties to the suit against Mills & Beavers.

As to appellant First Mortgage Company of Texas appellee, in its brief, candidly concedes that such party completely divested itself of lien rights in the property in question so that appellee "does not seek to hold that Appellant as a necessary party to this lawsuit for venue purposes."

The judgment of the trial court overruling the pleas of privilege of appellants Hugh A. Barnwell, Avis R. Barnwell, Jefferson County Savings & Loan Association, and First Mortgage Company of Texas, Inc., is reversed and judgment here rendered that the cause of action against such appellants be and the same is hereby transferred to a district court of Harris County, Texas.

Reversed and rendered.