**BANGOR PUNTA ACCEPTANCE CORPORATION, Appellant,**

v.

**PALM CENTER R.V. SALES, INC. & C. Bert Dickens, Appellees.**

No. 01–83–00079–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 13, 1983.

Steven L. Weathered, Houston, for appellant.

Jack D. Nolan, Joe H. Rentz, Houston, for appellees.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a take nothing judgment entered against the plaintiff, Bangor Punta Acceptance Corporation, in its suit to recover from the maker and the guarantor of eleven promissory notes. At the close of the plaintiff's case, the trial court withdrew the case from the jury and instructed a verdict in favor of both defendants. We reverse the judgment and remand the cause for a new trial.

Bangor Punta Acceptance Corporation provides floor plan financing to retail dealers of recreational vehicles and boats. Under such an arrangement, a retail dealer is able to order inventory from a manufacturer based upon a prearranged line of credit.

In February, 1979, Larry Flood, the General Manager of defendant Palm Center R.V. Sales, Inc., approached Bangor's President, Joe Gessiness, about obtaining floor plan financing for Palm Center. As a result of such discussions, Bangor agreed to extend a $150,000 line of credit to Palm Center for the purpose of purchasing new recreational vehicles from a division of Bangor known as the Starcraft Company.

On February 8, 1979, Bangor and Palm Center executed a "Wholesale Financing Agreement" pursuant to which eleven recreational vehicles were delivered by a manufacturer to Palm Center and invoices for such vehicles totalling approximately $61,-000 were sent by the manufacturer to Bangor for payment. Under the terms of the Wholesale Financing Agreement, Palm Center was required, as each vehicle was sold, to apply the sales proceeds to the reduction of debt on each vehicle. However, the evidence shows that the vehicles were subsequently sold by Palm Center "out of trust," i.e., Palm Center failed to make appropriate application of the sales proceeds to the debt owed. Four checks totalling $27,823.80 were sent by Palm Cen-

ter to Bangor pursuant to the agreement, but all were returned, marked "insufficient funds" or "stop payment." By the time of trial, Mr. Gessiness testified that the unpaid invoices, plus interest, totalled $68,616.98.

The Wholesale Financing Agreement also required the retail dealer to designate a Bangor employee as its attorney-in-fact, so that when Bangor paid an invoice on that dealer's behalf, the attorney-in-fact would execute a promissory note and security agreement for the amount of the payment. Acting pursuant to the financing agreement, Larry Flood signed a power of attorney appointing Joe Gessiness of Bangor as Palm Center's attorney-in-fact for the purpose of signing the note and security agreement.

Because the Palm Center dealership was new and, in Bangor's opinion financially weak, Bangor insisted that Palm Center's President, defendant C. Bert Dickens, personally guarantee·payment of Palm Center's obligations to Bangor. Dickens executed this guaranty agreement on February 21, 1979.

The principal theory of defense asserted by Palm Center and Dickens was that Palm Center's General Manager, Larry Flood, lacked authority to bind the corporation to the terms of the Wholesale Financing Agreement and/or the power of attorney. The trial court ruled that the Wholesale Financing Agreement and the power of attorney did not meet the requirements for admission of business records into evidence set out in TEX.REV.CIV.STAT.ANN. art 3737e (Vernon Supp.1982) and were therefore inadmissible. It then determined, as a matter of law, that Bangor had failed to make its prima facie case against either of the defendants. We have concluded that the trial court's rulings were erroneous, and that we must reverse its judgment and order the cause remanded for a new trial.

In its first two points of error Bangor contends that the trial court erred in directing a verdict against it because there was insufficient evidence in the record either to prove the debt as a matter of law, or to take the case to the jury. Points of error 3,

4 and 5 concern the trial court's refusal to admit into evidence certain documents offered by Bangor Punta Acceptance Corporation. We discuss all points together.

The transcript reflects that Bangor's original petition alleged the defendants' execution of the respective documents upon which Bangor's claim was based, and that neither defendant filed a sworn denial thereof. Although Dickens contends that there is language in his "Second Amended Answer"·constituting a sufficient denial of execution, the transcript reflects that such pleading was never filed, and that although it was once offered during the course of trial, it was never admitted in evidence.

Rule 93(h) TEX.R.CIV.P. requires that a party who denies the execution, by himself or by his authority, of any instrument in writing upon which a pleading is founded, must do so by a sworn denial. In the absence of such a verified plea, the instrument shall be received into evidence as fully proved. *Zodiac Corp. v. General Electric Credit Corp.,* 566 S.W.2d 341 (Tex. Civ.App.—Tyler 1978, no writ). Although the defendants' first amended answer alleged that Bangor did not have a certificate of authority to do business in this state, it did not contain a verified denial of the execution of the financing agreement and power of attorney, nor did it assert the lack of authority of the person executing same to bind the principal party.

Both of these documents were executed by Larry Flood in his capacity as the General Manager of Palm Center R.V. Sales. It was incumbent on the defendants, if they wished to avoid the effect of Rule 93(h), to deny Flood's execution or authority by verified affidavit. Because they failed to do so, the instruments were admissible without further authentication, and the trial court erred in its refusal to consider them admitted.

Palm Center and Dickens contend that no verified denial was required because Bangor failed to specifically allege that the instruments in question had been signed by the defendant's authorized agent. In sup-

port of this contention they cite *Barnwell v. Fox & Jacobs Construction Co.,* 469 S.W.2d 199 (Tex.Civ.App.—Dallas 1971, no writ). In that case, a venue action, Fox & Jacobs sought to recover against Mills & Beavers on a sworn account, attaching to its petition as exhibits more than sixty printed invoices from Fox & Jacobs to Mills & Beavers for materials furnished. On two of the invoices appeared the written name: "J. Dale". On the basis of evidence presented at the venue hearing, the trial court found that J. Dale was an employee of Mills & Beavers and that since that company failed to deny execution or Dale's authority to execute the invoices on its behalf, that a written obligation performable in the county of suit was proven. Reversing that ruling, the Court of Civil Appeals held that Rule 93(h) was inapplicable because the plaintiff's pleading had not charged that the instruments in question had been executed by the defendant or by its authority, so that no verified denial was required. *Id.* at 205.

■ The circumstances in the *Barnwell* case are distinguishable from those in the case at bar. Bangor's pleading in the instant case clearly alleged execution of the Wholesale Financing Agreement and power of attorney by and on behalf of Palm Center, the party sought to be charged, and photocopies of both documents, bearing Flood's signature and showing his capacity as General Manager of Palm Center, were attached to the plaintiff's petition. It is obvious from the petition that both documents constituted the documentary basis for the plaintiff's claim, and since the authority of Flood to execute such documents was not specifically denied under oath, such defense cannot be raised on appeal. *Ship Ahoy, Inc. v. Whalen,* 347 S.W.2d 662 (Tex. Civ.App.—Houston 1961, no writ).

Dickens further contends that Gessiness's authority under the power of attorney was not binding upon him. He relies upon *Grundmeyer v. McFadin,* 537 S.W.2d 764 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). In that case one attorney purportedly acted as agent for both the buyer and seller in a real estate transaction. The court held that the agent was not authorized to act in a dual capacity for two principals whose interests were adverse, unless both, with full knowledge of the facts, consented to such dual representation.

■ In the case before us, we find no evidence of any adverse interest between Palm Center and Dickens, and the relationship between such parties was not one of principal and agent but of maker and guarantor. The financing agreement specifically provides for the appointment of an attorney-in-fact to execute documents on Palm Center's behalf, and Dickens, who absolutely and unconditionally guaranteed payment of Palm Center's debt, is not entitled to question the authority of Flood to execute the power of attorney pursuant to the terms of the financing agreement. *Arndt v. National Supply Co.,* 633 S.W.2d 919 (Tex.Civ.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.)

■ Bangor also complains of the trial court's refusal to admit into evidence four cancelled checks drawn by Palm Center and sent to Bangor, as payee, in partial payment of the promissory notes in question. The drawee bank dishonored all four checks, three being returned for insufficient funds, and one being marked "stop payment." Bangor also contends that the trial court erred in its refusal to admit into evidence a repayment agreement, executed by Larry Flood for Palm Center, which, according to the undisputed testimony, was prepared by counsel for Palm Center to reassure Bangor that it would be paid.

■ All such documents were admissible as admissions by Palm Center of the existence of the claimed indebtedness forming the basis of the plaintiff's cause of action. Statements or conduct of a party inconsistent with the position taken by him at trial are generally admissible, and the weight and probative force of such evidence is a matter for the trier of fact. *Wenk v. City National Bank,* 613 S.W.2d 345 (Tex. Civ.App.—Tyler 1981, no writ). Contrary to the defendants' contention, these documents were not the plaintiff's business rec-

ords, and no predicate was necessary under Art. 3737e, TEX.REV.CIV.STAT.ANN. All items were original documents prepared by the defendants and were admissible as admissions without regard to the Business Records Statute. *Texas Warehouse Company of Dallas, Inc. v. Springs Mills, Inc.,* 511 S.W.2d 735 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). Similarly, we reject the defendants' argument that the trial court correctly excluded the checks as hearsay, because admissions by a party-opponent are not hearsay. *McCormick on Evidence,* Sec. 239 (1954).

For the reasons stated, we sustain Bangor's five points of error. Since the trial court directed a verdict at the close of the plaintiff's case, the case was not fully developed. Therefore, we remand the case to the trial court for a new trial. Rule 434, Tex.R.Civ.P.