**COHEN v. VOGT.**

No. 6351.

Court of Civil Appeals of Texas. Texarkana.
March 25, 1948.

Rehearing Denied April 15, 1948.

Elihu E. Berwald and Max R. Rosenfield, both of Dallas, for appellant.

Ungerman, Hill & Ungerman and Wm. Madden Hill, all of Dallas, for appellee.

HARVEY, Justice.

Appellee sued appellant for the sum of $2,835 on an account for merchandise, verified pursuant to the provisions of Rule 185, Texas Rules Civil Procedure, pertaining to verified accounts. It further was alleged by the plaintiff that the purchases were made for appellant by Ida Seerman, as his resident purchasing agent at Los Angeles, California. The answer of appellant was a denial under oath stating that the account was not just, in whole or in part; there was no denial of the agency of Ida Seerman or of her execution of the purchase orders purportedly made in behalf of appellant, nor was there any other plea filed as a defense to the accounts and purchase orders sued upon. The case was tried to the court without a jury, and from a judgment entered in favor of appellee the appellant has perfected this appeal.

Appellee submitted to appellant prior to the trial a request for admissions of fact under Rule 169, T.R.C.P., to the effect that at the time of the execution of the purchase orders for the merchandise covered by the account that Ida Seerman was the buyer for appellant in Los Angeles, California, under a written contract to buy women's wear for him during a period of one year from February 5, 1946, at a fee or salary of $100 per month. The request for admissions was served on May 21, 1947, and no reply was made thereto until after the expiration of the 10-day limit therein specified. By proper proof appellee established the essential facts necessary to be proved in showing the correctness of the account, and that Ida Seerman as resident buyer for appellant bought the merchandise in question during the year 1946, as was shown by the various purchase orders, the total amount of the purchases being $5,026.25, upon which various payments were made reducing the amount due and unpaid to $2,835. The principal contention made by appellant, as reflected by the various points presented by him, is that his denial of the account under oath should be construed to be a denial of the agency of Ida Seerman as well, and the burden therefore was upon the appellee not only to prove by affirmative evidence the correctness and justness of each item of the account, but to prove in addition that the alleged agent was duly authorized to make the purchases on behalf of appellant and that she executed the written orders for the merchandise; that under these circumstances it was error for the trial court to exclude testimony denying Ida Seerman's authority to bind him as his agent and denying that she signed the purchase orders. In this connection appellant offered testimony to the effect that at no time did he authorize Ida Seerman to buy on his behalf the unpaid-for part of the merchandise alleged to have been bought, and an objection to the admission of this testimony was sustained by the court. The trial court filed conclusions of law to the effect that appellee discharged the burden on him to make proof of the account made necessary by the denial under oath filed by appellant; that in the absence of a denial of agency, an issue as to the agency of Ida Seerman was not raised; and that under Rule 169 a request for admissions that Ida Seerman was the women's wear buyer for appellant having been made and not answered within the required time, such agency was to be taken as admitted by the appellant. It seems that

appellant, although he admitted in his testimony that Ida Seerman was his buyer in Los Angeles, contended he had the right to refuse any goods bought by her which were not purchased under specific authority from him.

We think it is clear that the denial under oath of a verified account puts in issue only the justness and correctness of the account and does not include a denial of agency or non est factum. The latter defenses, to be available must be denied under oath. Michelin Tire Co. v. Ganter, Tex. Civ.App., 61 S.W.2d 525; Thomason v. Berry, Tex.Com.App., 276 S.W. 185. Further, the question of the right of the appellant to deny the agency of Ida Seerman was foreclosed against him by reason of the fact that no reply was made to the request for admissions and it is to be taken as a fact, in the absence of such reply, that she was his duly authorized agent. Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225. This being true, one dealing with her within the scope of the authority with which she apparently was clothed would not be bound by any private instructions to her from her principal. This is an elementary principle of law, and requires no citation of authorities. However, the rule is stated in 2 Tex. Jur., Sec. 43, page 431; 2 C.J.S., Agency, § 95, p. 1202; Hardin v. Rust, Tex.Civ.App., 294 S.W. 625, 630. In addition, the trial judge in his findings of fact and conclusions of law held that Ida Seerman, in making the purchases in question for appellant, was expressly authorized by him to make the purchases, which finding has support in the evidence.

Appellant assigns error to the action of the trial court in refusing to permit him to file a trial amendment denying "that the instrument in writing upon which plaintiff's petition was founded was executed by him or under his authority and that Ida Seerman was his authorized agent and authorized to make alleged purchases from plaintiff." The bill of exception to such action of the court was qualified by the trial judge, with no objection thereto, to show that the trial had about concluded when appellant sought to file his trial amendment; that originally the case had been set for trial on July 7, 1947; that prior to such latter date the deposition of appellee had been taken in California; that when the case was called for trial on July 7, 1947, it was postponed until July 28, 1947, upon written motion made by appellant, who asked for a continuance on the ground of the absence of Ida Seerman, who, it was alleged, would testify that her authority to buy merchandise for appellant was limited to such purchases as might be specifically authorized by him, and that this limitation on her authority had been communicated to appellee. The case being called for trial on July 28, 1947, appellant again sought a continuance and the case was reset for August 18, 1947, upon condition, as set out in the court's order, that the trial be had on that date without a jury and upon the pleadings as then constituted. In view of these qualifications to the bill of exception by the trial judge, which matters of fact are undisputed, we are of the opinion that clearly he acted within his sound discretion in refusing to permit the filing of such trial amendment. The court stated in his qualification that at that late date it would have been unfair to the plaintiff, who had developed his case by deposition, to permit a trial amendment covering the matters contained therein to be filed. Necessarily, had such trial amendment been permitted to be filed, the plaintiff would have been entitled to a continuance, if he desired, in order to meet the new situation created and to plead additional defenses that might have been deemed appropriate, such as ratification, estoppel, and so on. In such a situation the plaintiff well might have complained that the trial judge abused his discretion in granting permission to file the trial amendment.

The judgment of the trial court is in all things affirmed.