**Francis B. MILES, Individually and d/b/a Miles Pallet Company, Appellant,**

v.

**W. C. ROBERTS LUMBER COMPANY, INC., Appellee.**

**No. 5081.**

Court of Civil Appeals of Texas, Eastland.

Jan. 19, 1978.

Rehearing Denied Feb. 16, 1978.

George Whittenburg and Mack Whittenburg, Amarillo, for appellant.

Barry D. Peterson, Stokes, Carnahan & Fields, Amarillo, for appellee.

WALTER, Justice.

W. C. Roberts Lumber Company, Inc. recovered a judgment on its sworn account against Francis B. Miles for $21,575.53 plus $3,500.00 attorney's fees. The judgment provides Roberts added service charges to Miles' account at an annual interest rate in excess of 10 percent but less than 20 percent per annum and that Miles was entitled to recover from Roberts $2,249.38, being twice the amount of service charges added to Miles' account by Roberts plus $2,000.00 attorney's fees. This was allowed as a credit on Roberts' judgment against Miles. Miles has appealed.

The jury found against Miles on his claim for damages as a result of a temporary restraining order and a writ of garnishment, before judgment, placed on his accounts at the request of Roberts. We find the jury's negative answer to special issue number seven (7) regarding Miles' damages was made on conflicting evidence and the record contains some evidence of probative force to support such answer. We have examined the entire record and find the jury's answer to issue number 7 is not against the great weight and preponderance of the evidence.

Appellant's first four points of error are as follows:

### "POINT OF ERROR NO. 1

The trial court erred in refusing to forfeit the principal of the debt as required by Article 5069–1.06(2) and to award appellant judgment pursuant thereto for the total principal amount of the open account in addition to the other penalties since the jury found that appellee charged appellant interest of more than eight times the amount allowed by law on an open account. (Germane to Assignment of Error No. 1.)

### POINT OF ERROR NO. 2

The trial court erred in granting appellee a directed verdict for the amount of the open account and in awarding appellee any recovery on the open account since appellant properly pleaded and proved a defense of confession and avoidance based on usury. (Germane to Assignments of Error Nos. 1(a) and 3.)

### POINT OF ERROR NO. 3

The trial court erred in awarding appellee any attorneys' fees for the prosecution of its suit on the open account since appellee charged and was demanding from appellant an amount of interest constituting usury, its demands were therefore illegal, and appellant was justified in resisting appellee's demands. (Germane to Assignments of Error Nos. 2 and 2(a).)

### POINT OF ERROR NO. 4

The trial court erred in refusing to submit to the jury appellant's requested explanatory instructions defining the terms 'charge' and 'charged' as meaning any action constituting or implying a demand for payment, such as including an amount in a statement or court petition submitted to the debtor. (Germane to Assignment of Error No. 4.)"

Our usury laws applicable to this case are as follows:

"Article 5069–1.01. Definitions

(a) 'Interest' is the compensation allowed by law for the use or forbearance or detention of money; provided however, this term shall not include any time price differential however denominated arising out of a credit sale.

(b) 'Legal Interest' is that interest which is allowed by law when the parties to a contract have not agreed on any particular rate of interest.

(c) 'Conventional Interest' is that interest which is agreed upon and fixed by the parties to a written contract.

(d) 'Usury' is interest in excess of the amount allowed by law.

(e) 'Person' means an individual, partnership, corporation, joint venture, trust, association or any legal entity, however organized."

"Article 5069–1.02. Maximum rates of interest

Except as otherwise fixed by law, the maximum rate of interest shall be ten percent per annum. A greater rate of interest than ten percent per annum unless otherwise authorized by law shall be deemed usurious. All contracts for usury are contrary to public policy and shall be subject to the appropriate penalties prescribed in Article 1.06 of this Subtitle."

"Article 5069–1.03. Legal rate applicable

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made."

"Article 5069–1.06. Penalties

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

(2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder."

The jury found (1) reasonable attorney's fees for Roberts to be $3,500.00; (2) Miles paid on service charges made by Roberts $70.53; (3) Roberts knowingly and intentionally charged Miles on his account as interest for the period beginning November 20, 1974 and ending July 16, 1975 $1,124.69; (4) the amount charged as interest was not at an annual rate in excess of 20%; and, (5) the amount of interest charged for the period in question was at an annual rate in excess of 10%.

Dean Barnett, manager for W. C. Roberts Lumber Company, testified substantially as follows:

I was aware there was some finance charges made against Francis Miles' account with Roberts Lumber Company. This is standard procedure throughout the industry. We charge one percent per month service charge on the past due balance. Most places charge one and one-half percent. I knew what the service charge was, the company new about it and we intended to do it that way.

Miles testified:

"Q Did W. C. Roberts Lumber Company extend you credit?

A Yes, they did.

Q In other words, you would buy this material and they would charge it to you?

A Yes.

Q Now, did you have to pay anything for that credit?

A They had a service charge on it."

The ledger of Roberts, introduced as Defendant's Exhibit No. 3, includes the charges, credits and balance due on Miles' account. The ledger also lists the service charges at a rate of one percent per month on the past due balance from November, 1974, to July, 1975.

Miles relies on Article 5069–1.03 for the rate of interest allowed on an open account. This article is applicable to open accounts only where the parties have not agreed upon a specified rate of interest.

Miles had the burden of establishing no agreement was made. No special issues were requested or submitted concerning an agreement. The evidence does not conclusively establish there was no agreement. Miles has waived any recover under Article 5069–1.03. Rule 279, Texas Rules of Civil Procedure.

■ The maximum rate of interest allowed under Article 5069–1.02 is ten percent per annum unless otherwise fixed by law. Based on the jury's findings, Roberts charged interest greater than the amount allowed by Article 5069–1.02, but not in excess of double that amount. The trial court properly imposed the penalties under Article 5069–1.06(1).

The trial court granted Roberts' motion for directed verdict on its open account under Rule 185, Texas Rules of Civil Procedure. Rule 185 provides:

"When any action or defense is founded upon an open account . . . and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, . . . When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be."

■ Roberts complied with the requirements of Rule 185. Miles filed a sworn general denial including a defense of confession and avoidance based on usury. Under Rule 185, Miles had to file more than a sworn general denial. He had to deny the justness of the claim and set out the specific terms of the unjustness. *McDonald v. Newlywed's Inc.,* 483 S.W.2d 334 (Tex.Civ. App.—Texarkana 1972, writ ref. n. r. e.). By not substantially complying with Rule 185, Miles admitted that the account was correct. *Akins v. Coffee,* 376 S.W.2d 953 (Tex.Civ.App.—Dallas 1964, writ dism'd). We held in *Collins v. Kent-Coffey Manufacturing Co.,* 380 S.W.2d 59 (Tex.Civ.App.— Eastland 1964, writ ref'd):

". . . Appellant, having failed to 'file such affidavit', as required by Rule 185, he could not deny appellee's claim and there was no genuine issue of material fact as to whether appellant was lawfully chargeable with a portion of the account or whether he was entitled to the alleged offset . . ."

The trial court did not err in directing a verdict on the open account for Roberts. Miles could still maintain his defense of confession and avoidance and his counterclaim by the court's order of separate trial on those issues. Rule 174, Texas Rules of Civil Procedure.

■ Tex.Rev.Civ.Stat.Ann. art. 2226 (1971) allows a recovery of attorney's fees for persons ". . . having a valid claim against a person . . . for . . . suits founded upon a sworn account . . if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof . . ." Roberts brought suit only for the principal due under the sworn account and not for any interest charged thereunder. Roberts' entire claim for the principal due was valid and enforceable. Miles' failure to pay the principal due Roberts activated article 2226 allowing Roberts to recover its attorney's fees for prosecution of its claim. After obtaining the directed verdict on the principal due, Roberts was entitled to attorney's fees under Article 2226.

■ The pleadings and evidence referred to the amounts charged as interest as "service charges". The amounts charged were undisputed. Under the facts of this case, the jury could properly interpret the meaning of the words "charge" and "charged" by their common and ordinary usage. *Golden v. Stevens,* 138 S.W.2d 243 (Tex.Civ.App.— Eastland 1940, writ ref'd).

We have carefully examined all of Miles' points of error and find no merit in them. They are overruled.

Roberts concedes the trial court erred in not awarding Miles an additional offset in the amount of $70.53 as found by the jury. In this respect, the trial court's judgment is modified and as modified, is affirmed.