**Ruth PAGE, Appellant,**

v.

**COTTON CONSTRUCTION COMPANY, Appellee.**

. **No. A2710.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 15, 1981.

724

Raul Garcia, Alice, for appellant.

L. H. Warburton, Jr., Alice, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a judgment on a sworn account. Appellee performed services consisting of bulldozing, clearing property and widening a creek bed belonging to Appellant and furnished materials necessary for the project. Appellee gave Appellant an invoice and final statement dated June 25, 1978, for $23,915.16. On December 28, Appellant paid Appellee $7,000. On December 10, 1979, Appellee filed this suit seeking the balance of the final bill. Appellant, in her Amended Original Answer, denied the claim and contended that Appellee had contracted to do the job for $12,000 and the job had not been completed. The jury found that Appellant owed Appellee a balance of $16,915.60 and that Appellant had not represented its charges would not exceed $12,000.00. Judgment was entered and Appellant perfected her appeal. We affirm.

Appellant contends that the jury's answers to the special issues are so against the great weight and preponderance of the evidence as to be manifestly unjust. In determining whether the verdict of the jury is against the great weight and preponderance of the evidence, we must weigh and consider all of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We find that the findings of the jury are not against the great weight and preponderance of the evidence. We may not substitute our judgment for that of the jury.

Appellee, by cross-point, prays for damages pursuant to Tex.R.Civ.P. 438, providing for the assessment of a 10% penalty against appellant should this court find that the appeal has been taken for delay and without sufficient cause. In view of the state of the record this case is well within the "no sufficient cause" requirement. We are willing to say that this case also meets the "delay" requirement of Rule 438. However, if Rule 438 does not require us to assess damages for delay, we have discretion under Tex.R.Civ.P. 435 to assess damages when "the only questions raised on an unsuccessful appeal are well settled and the appellee's circumstances are such that statutory interest on the judgment is not adequate compensation for delay." *Charter Oak Fire Insurance Company v. Adams*, 488 S.W.2d 548, 551 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.). We find that 10% of the amount of the judgment is adequate for this purpose.

Appellant's point of error is overruled and the judgment of the court below is affirmed, with damages for delay of 10% of the original amount of the judgment ($16,-915.60) or $1691.56. Judgment interest will accrue against the original amount of the judgment from the date of judgment until the date this opinion is handed down. Hereafter, judgment interest will accrue against the original judgment amount and the penalty assessed here, or $18,607.16.