**DEAN VIVIAN HOMES, INC.,**
Appellant,

v.

**SEBERA'S PLUMBING & APPLIANCES, INC.,** Appellee.

No. 6201.

Court of Civil Appeals of Texas,
Waco.

April 23, 1981.

Jonathan Yedor & Greg Grigsby, Johnson & Christopher, San Antonio, for appellant.

Lonnie W. Duke, San Antonio, for appellee.

HALL, Justice.

This suit originated as an action on an open account. Both parties are corporations. The suit was defended and a counterclaim was filed on the ground that interest charged monthly on the balance of the account, in part at the rate of 1½% per month, was usurious. The primary question in the case is whether the interest charged was authorized under the provisions of article 1302–2.09, Vernon's Tex. Civ.St.[1] The trial court rendered judgment on the account and denied recovery on the counterclaim.

The pertinent statutes are articles 5069–1.02, 5069–1.03, 5069–1.04, 5069–1.06, and 1302–2.09. At all relevant times, these statutes provided in part as follows:

"Art. 5069–1.02. Maximum rates of interest.

"Except as otherwise fixed by law, the maximum rate of interest shall be ten percent per annum. A greater rate of interest than ten percent per annum un-

---

1. All statutory references in this opinion are to Vernon's Tex.Civ.St.

less otherwise authorized by law shall be deemed usurious. All contracts for usury are contrary to public policy and shall be subject to the appropriate penalties prescribed in Article 1.06 of this Subtitle.

"Art. 5069–1.03. Legal rate applicable.

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made.

"Art. 5069–1.04. Limit on rate.

"The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten percent per annum on the amount of the contract; and all other written contracts whatsoever, except those otherwise authorized by law, which may in any way, directly or indirectly, provide for a greater rate of interest shall be subject to the appropriate penalties prescribed in this Subtitle.

"Art. 5069–1.06. Penalties.

"(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court.

"(2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court.

"Art. 1302–2.09. Authority of Certain Corporations to Borrow Money.

"Notwithstanding any other provision of law, corporations, domestic or foreign, may agree to and stipulate for any rate of interest as such corporation may deter-mine, not to exceed one and one-half per cent (1½%) per month, on any bond, note, debt, contract or other obligation of such corporation under which the original principal amount is Five Thousand Dollars ($5,000) or more, or on any series of advances of money pursuant thereto if the aggregate of sums advanced or originally proposed to be advanced shall exceed Five Thousand Dollars ($5,000), or on any extension or renewal thereof, and in such instances, the claim or defense of usury by such corporation, its successors, guarantors, assigns or anyone on its behalf is prohibited."

The parties to this suit are plaintiff-appellee Sebera's Plumbing & Appliances, Inc., and defendant-appellant Dean Vivian Homes, Inc. Plaintiff sells and installs residential appliances and air-conditioning units, and it also does plumbing repair work. Defendant builds and sells houses.

Plaintiff filed this suit on September 6, 1978, for recovery of the alleged balance due of $1,943.79 on an open account between the parties based upon plaintiff's sale and delivery of merchandise and services to defendant. Plaintiff also pleaded for recovery of attorney's fees in the amount of $640.00.

Defendant answered under oath with a general denial and with the affirmative defense that the account sued upon was usurious. In connection with the latter plea, defendant alleged the following: "Plaintiff has charged, and seeks to collect, interest in excess of that allowed by law on the account set forth in its Petition. The interest charged, and sought to be recovered, is in excess of twice that allowed by law pursuant to Articles 5069–1.03 and 5069–1.04, making the transaction usurious within the meaning of Article 5069–1.02. Accordingly, pursuant to Article 5069–1.06, Plaintiff is not entitled to recover the principal amount on the account, any interest or other charges allowed by law."

Defendant also filed a counterclaim in which it alleged that the sum of $1,943.79

sought to be recovered by plaintiff included interest charged by plaintiff on the account in the amount of $823.53; that the interest charged was "at the rate of 18% per annum or higher"; that there was "no written agreement" between the parties for the interest charged; that the interest charges on the account were made by plaintiff "30 days after the sale of the goods and services in question rather than on the first day of January following such transaction"; and that the goods and services in question "were for commercial or business purposes and not for personal, family or household use." Defendant alleged that upon those facts plaintiff was subject to the penalties set forth in article 5069–1.06(2), or alternatively, to the penalties provided in article 5069–1.06(1). Defendant prayed for recovery of the penalties determined to be proper.

The trial of the case developed these facts: This is a suit between two corporations for goods and services sold and rendered to defendant by plaintiff on an open account in connection with defendant's business. The balance due on the account is $1,943.79. This balance includes interest charges made on the account by plaintiff which total $823.53. The remainder is for materials and services. Interest was charged monthly on the account by plaintiff based upon the annual percentage rate of 18% on the first $500.00 of the account balance and 12% on that part of the balance in excess of $500.00. Interest accrued 45 days after the original billing on any unpaid charge made to the account.

Defendant's basic contentions at the trial in support of its affirmative defense and counterclaim were these: (1) Defendant did not agree to pay interest on the account. (2) If there was such an agreement by defendant, article 1302–2.09 does not apply to corporate debts based on open accounts for goods and services, but only to obligations based on "advances of money." (3) If defendant agreed to pay interest, and if article 1302–2.09 applies to open accounts, the statute

does not apply in our case because the "original principal amount" of the debt sued on was not $5,000 or more" as required by the statute. These three contentions formed the main issues between the parties in the trial of the case.

The case was tried to the court without a jury. Judgment was rendered that plaintiff recover $1,943.79 on its account, plus $500.00 attorney's fees, and that defendant take nothing on its counterclaim. Defendant brought this appeal.

Findings of fact and conclusions of law filed by the court in support of the judgment included the following:

1. Defendant agreed to pay plaintiff interest on all past due amounts on the account at the rate of 18 percent per annum on the first $500.00 and 12 percent per annum on the excess over $500.00.

2. Charges to the account were past due 30 days after billing.

3. Defendant's account exceeded the sum of $5,000.00 on several occasions.

4. The sum of $1,943.79, [which includes] $823.53 for interest charged on the account from September 1, 1975, is due and owing on the account.

5. Defendant is a corporation and may agree to pay any rate of interest not to exceed 1½% per month on any contract or other obligation where the sums advanced shall exceed $5,000.00, under article 1302–2.09.

6. Defendant failed to prove that plaintiff contracted for or charged or received interest greater than the amount authorized by law.

For reversal of the judgment, defendant asserts in its points of error and the arguments thereunder the three basic contentions it made in the trial court.

Plaintiff began selling to defendant on the open account in question in December, 1974. The balance on the account was never paid in full after that date. Defendant's

orders for needed goods and services in its houses were telephoned to plaintiff's office by defendant's president, Dean R. Vivian. A numbered invoice specifying the order was prepared by plaintiff on each order as it was received. Plaintiff's employee carried the invoice to the worksite and noted on it the materials delivered or the services performed. The invoice was then returned to plaintiff's office, and a charge based on it was billed to defendant's account. Each invoice contained plaintiff's letterhead and listed defendant as the purchaser of the goods or services sold.

The last charge to the account based on an invoice for goods or services was made on February 21, 1977. The final charge to the account was made on January 26, 1978. It was an interest charge for the month of January, 1978.

At all times during the parties' dealings on the account, plaintiff's invoices contained the following paragraphs in bold capital type balanced across the bottom of the invoices immediately above a line provided for the signature of "Buyer":

"THE FINANCE CHARGE, WHICH WILL BE GREATER OF (A) A MINIMUM CHARGE OF 50¢ or (B) AN AMOUNT DETERMINED BY APPLYING A PERIODIC RATE OF 1.5% PER MONTH TO THE FIRST $500.00 OF PREVIOUS BALANCE OR PART THEREOF AND AN AMOUNT DETERMINED BY APPLYING A PERIODIC RATE OF 1.0% PER MONTH TO ANY PART OF THE PREVIOUS BALANCE IN EXCESS OF $500.00. IF THE FINANCE CHARGE EXCEEDS 50¢, THE ANNUAL PERCENTAGE RATE WILL BE 18% ON THE FIRST $500.00 OF PREVIOUS BALANCE AND 12% ON THAT PART OF THE PREVIOUS BALANCE IN EXCESS OF $500.00.

"NOTICE TO THE BUYER: DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS MAY OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.

"BUYER ACKNOWLEDGES THAT THIS CONTRACT WAS COMPLETELY FILLED IN PRIOR TO ITS EXECUTION AND THAT HE RECEIVED A TRUE COPY THEREOF."

Although defendant's president, Mr. Vivian, testified that he never agreed to pay interest on the account, there is no evidence that he ever told anyone connected with plaintiff that he did not agree to pay the interest stipulated in the invoices. To the contrary the record shows that he signed three of the invoices for defendant as "buyer" during the course of the account. The dates of those invoices and their amounts were July 23, 1975, for $525.00; June 15, 1976, for $675.00; and July 19, 1976, for $162.24. Some of the invoices were signed by persons living in defendant's houses. Some were not signed by anyone.

Additionally, plaintiff's credit manager testified that defendant paid the interest that was originally charged to the account, but that "as the account got older and older, [defendant] paid some of the work that was done, but then no longer paid any interest. So because [defendant] paid principal and not interest on some of these, the interest grew larger and larger over this period of time. That's what the accumulation and the big figure comes from." He also testified that after the account became delinquent, he contacted Mr. Vivian regarding payment on the account. The interest charged to the account was also discussed. Mr. Vivian agreed in this conversation to pay the interest, and in fact made a payment on the past due interest. The date of this conversation was not developed at the trial.

In summary, there is evidence that an invoice containing the stipulation for

interest charged by plaintiff on the account was a part of every transaction between the parties for the sale and purchase of goods and services. Defendant signed several of the invoices, paid interest charged to the account on the basis of the invoice provision, and later agreed orally to interest based upon the stipulation in the invoices. These circumstances support the determination that the stipulation formed a contract in writing by the parties for the interest to be charged on the account. See *Berry v. Pierce Petroleum Corp.*, 120 Tex. 452, 39 S.W.2d 824, 825 (1931); *Hawkins v. Frick-Reid Supply Corporation*, 154 F.2d 88 (5th Cir. 1946); *Pierce Oil Corporation v. Gilmer Oil Co.*, 230 S.W. 1116, 1117 (Tex.Civ.App.— Amarillo 1921, writ dism.); *Ferguson v. Martin*, 70 S.W.2d 804, 806 (Tex.Civ.App.— Dallas 1934, writ dism.); 13 Tex.Jur.2d 138, Contracts § 519.

■ The trial court did not expressly find the date upon which the contract for interest was effected between the parties, and it was not requested to do so. Without detailing the evidence (and its deficiencies) on the question, we hold that defendant did not conclusively establish that interest was charged on the account prior to the date that the court could have reasonably determined under the proof that the agreement was effected. This was defendant's burden under its affirmative defense and counterclaim.

Defendant does not question the validity of article 1302–2.09. It contends that the statute does not apply to debts based upon open account; and that, in any event, the statute does not apply in our case because the original principal amount of the account sued on was not $5,000.00.

■ The statute provides for an agreement for the rate of interest set forth therein "on any bond, note, debt, contract or other obligation ... under which the original principal amount is Five Thousand Dollars ($5,000) or more, or on any series of advances of money pursuant thereto if the aggregate of sums advanced or originally proposed to be advanced shall exceed Five Thousand Dollars ($5,000) ..." Obligations based upon open accounts are not expressly excluded from the statute's operation. They fit within the ordinary meaning of the terms "debt, contract or other obligation" used in the statute. We believe and hold that the Legislature intended by the general use of those terms to include obligations based upon open account transactions.

■ Nevertheless, we agree with defendant that article 1302–2.09 is not applicable in our case because the original principal amount of the account sued upon was not in the amount required for the statute's application. The statute permits the agreement on an obligation "under which the original principal amount is Five Thousand Dollars ($5,000) or more." The account in question began on December 5, 1974, with a charge in the amount of $610.00 for goods sold to defendant. The largest single charge to the account never exceeded $700.00. Although the balance on the account exceeded $5,000.00 during the months of August, September, October and November, 1975, it did not reach that amount until August 19, 1975. In other words, although the balance exceeded $5,000.00 during the course of the running of the account, the original principal amount of the account was not $5,000.00 or more. Article 1302–2.09 is not ambiguous on this question. It clearly provides that the agreement for interest permitted therein applies only to an obligation "under which the original principal amount" is $5,000.00 or more. We therefore hold that the statute is not applicable in our case.

■ We have held that defendant's agreement to pay interest was in writing, being based upon the stipulation in the invoices. A written contract which provides for a rate of interest greater than 10% per annum, except as otherwise authorized by law, is subject to the appropriate penalty set forth in article 5069–1.06. Defendant

does not assert on appeal and it has not established that the interest charged by plaintiff exceeded 20% per annum. Accordingly, plaintiff is liable for the penalty prescribed in article 5069–1.06(1), not those prescribed in article 5069–1.06(2). *Houston Sash And Door Co. v. Heaner,* (Tex.1979), 577 S.W.2d 217, 222. Therefore, the trial court properly ruled against defendant on its affirmative defense under which defendant sought forfeiture by plaintiff of the principal amount due on the account.

Defendant did not establish at the trial the total amount of interest actually charged or received by plaintiff on the account, and it does not seek relief here based on that amount. In its brief, defendant asserts that "the interest charged defendant was the sum of $823.53"; and it argues that if we determine that the applicable penalty statute is article 5069–1.06(1) then it is entitled to recover "twice that amount . . . the sum of $1,647.06, representing twice the interest charged Defendant by Plaintiff," plus reasonable attorney's fees. Defendant also requests that we remand the issue of its attorney's fees for determination by the trial court.

■ Plaintiff was entitled to judgment for the balance due on the account for goods and services; and it was also entitled under article 2226 to recover reasonable attorney's fees for the prosecution of this suit to collect the account. *Miles v. W. C. Roberts Lumber Co., Inc.,* 561 S.W.2d 256, 259 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). Defendant does not assert that the court's award of $500.00 to plaintiff for attorney's fees would be unreasonable if plaintiff should not be entitled to recover the interest it sued for; and defendant has not asked for a remand of the issue of plaintiff's attorney's fees upon any ground.

The portion of the judgment awarding plaintiff a recovery of $1,943.79 plus $500.00 attorney's fees from defendant is modified by deleting therefrom the sum of $823.53 allowed for accrued interest on the account.

As modified, thereby allowing plaintiff the total recovery of $1,620.26, that portion of the judgment is affirmed.

The judgment that defendant take nothing on its counterclaim is reversed. Judgment is here rendered that defendant recover from plaintiff the sum of $1,647.06 plus reasonable attorney's fees. The issue of defendant's attorney's fees on its counterclaim is severed from the remainder of the claim and remanded for trial. Rule 434, Vernon's Tex.Rules Civ.Proc.; *Great American Reserve Insurance Co. v. Britton,* (Tex. 1966) 406 S.W.2d 901, 907.

The judgment assessing all costs in the trial court against defendant is reversed. Judgment is here rendered assessing the costs of the trial and the costs of this appeal equally between plaintiff and defendant.