**William J. McQUILLEN, Trustee, Relator,**

v.

**Lynn N. HUGHES, Judge, Respondent.**

**No. C–824.**

Supreme Court of Texas.

Dec. 2, 1981.

Baggett, Kirk, Gordon & Hodge, George D. Gordon, Robert E. Hudson, Houston, for relator.

Dohoney, Collier, Cartwright & Wandel, N. Wyatt Collier, Houston, for respondent.

PER CURIAM.

This is an original mandamus action in which Relator, William J. McQuillen, seeks an order directing Judge Lynn N. Hughes of the 189th District Court of Harris County to grant the motion for non-suit in his trespass to try title action. The writ is conditionally granted.

In 1974 McQuillen filed a trespass to try title action concerning 18½ acres of land in Houston. McQuillen asserted title by adverse possession and made all of the record owners of the land defendants in the lawsuit. The case was set on dismissal dockets for 1978, 1979 and 1980, and each time the court granted motions to retain the case. The case was again set on the dismissal docket in 1981, and the court provisionally granted the motion to retain provided that McQuillen try the case during the July-August term of court. McQuillen failed to comply with that order and, in addition, he failed to comply with court orders directing him to answer certain interrogatories more fully and to serve certain named defendants with personal citation.

Judge Hughes set a hearing on two motions for sanctions against McQuillen on Monday, October 12, 1981. On Thursday, October 8, McQuillen filed a motion for non-suit as to some of the defendants in the case. On Friday, October 9, four of those defendants filed a cross-action. Later that day McQuillen filed a second motion for non-suit as to all of the defendants in the case. Judge Hughes heard argument on the motions for sanctions and the motion for non-suit on October 12. Thereafter, Judge Hughes notified the parties by letter that he planned to grant the motions for sanctions and render judgment that McQuillen take nothing in his lawsuit. Judge Hughes stated that he had concluded that McQuillen filed the motion for non-suit in bad faith.

The applicable rule of civil procedure, Tex.R.Civ.Pro. 164, provides that plaintiff may take a non-suit at any time before he has rested his case as long as he does not prejudice the right of an adverse party to be heard on his claim for affirmative relief. In *State v. Gary*, 163 Tex. 565, 359 S.W.2d 456 (1962), we reaffirmed the holding in *Ex Parte Norton*, 118 Tex. 581, 17 S.W.2d 1041 (1929), that plaintiff has an absolute, unqualified right to take a non-suit upon timely motion as long as defendant has not made a claim for affirmative relief.

Judge Hughes' refusal to grant McQuillen's motion for non-suit is in conflict with the holdings in *State v. Gary, supra*, and *Ex Parte Norton, supra*, and Tex.R.Civ.Pro. 164. Therefore, without hearing oral argument, we grant the writ of mandamus pursuant to Tex.R.Civ.Pro. 483. If Judge Hughes fails to enter an order of non-suit, the writ will issue.