John W. ARNDT, Appellant,

v.

NATIONAL SUPPLY COMPANY, et al., Appellee.

No. A2832.

Court of Appeals of Texas, Houston (14th Dist.).

April 29, 1982.

Daniel R. Rutherford, San Antonio, for appellant.

William N. Blanton, III, Butler, Binion, Rice, Cook & Knapp, Robert L. Ketchand, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

Before JUNELL, PRICE and MORSE, JJ.

## OPINION

PRICE, Justice.

This is an appeal from a suit on a sworn account for certain oil field equipment by National Supply Company, appellee, against a corporate debtor, F. S. C. Supply, Inc., and on related personal guaranty agreements against four individual guarantors, one of whom was John W. Arndt, appellant. The corporate debtor admitted the debt and the guarantors admitted their guaranty agreements. After a jury trial, the trial court disregarded two answers of the jury and rendered judgment in favor of appellee, against the corporate defendant and against three of the four guarantors. Appellant asserts fourteen points of error. We affirm the judgment of the trial court and deny appellee's cross-point for the imposition of penalty interest.

A brief summary of the facts is as follows: in exchange for his financial backing, appellant agreed with the other three guarantors to this suit that he was to own 51 percent controlling interest in a new company, F. S. C. Supply, Inc. F. S. C. Supply, Inc. in turn was to wholly own the stock in two existing companies, J & F and Gulf Supply. F. S. C. Supply had already been formed and the certificate and Articles of Incorporation had already been issued and filed. The remainder of the F. S. C. Supply stock was to be divided equally between the other three principals. Appellee refused to extend credit to J & F Supply for the sale of certain oil field equipment. After this refusal of credit, the new company, F. S. C. Supply, through Floyd Strangmeyer, the purported president, proposed to buy the same equipment. Appellee insisted that all

four principals of F. S. C. Supply first sign absolute, unconditional, joint and several, continuing guaranty agreements prior to the extension of credit to F. S. C. Supply, Inc. Appellee then forwarded forms of the guaranties and its usual terms of sale to Floyd Strangmeyer as president of F. S. C. Supply and as one of its principals. Strangmeyer communicated the proposed guaranty arrangement to appellant who agreed to sign the guaranty. After appellee National Supply received the guaranty agreements from Arndt, Strangmeyer and the other two principals guaranteeing payment of any credit extended F. S. C. Supply by appellee it extended credit to F. S. C. Supply for the purchase of the equipment.

Subsequently, F. S. C. Supply became completely unable to pay the remaining balance on the account. Unknown to appellee, the arrangement between the guarantors on the company organization had fallen through, and appellant had not received any stock in F. S. C. Supply, Inc. Apparently, no further corporate organizational activity took place although the company had been conducting business. Appellee made demand on appellant to honor his guaranty. Appellant replied by asking for a total balance due and by stating that he would no longer be responsible for any sales to F. S. C. Supply after April 26, 1977; appellee acknowledged that appellant would not be held responsible for sales after that date. All sales on which this suit is based occurred prior to April 26, 1977. When appellee was still not paid, it brought this suit on a sworn account against the corporate debtor, F. S. C. Supply, Inc., and on the guaranty agreements against each individual guarantor. Shortly before trial, appellee entered into a non-monetary settlement with Strangmeyer, one of the co-guarantors and at trial non-suited him. No counter claims or cross actions were filed at any stage by any of the parties.

In response to special issues, the jury found: (1) that appellee sold and delivered each and every item of the equipment to F. S. C. Supply; (2) that appellee and F. S. C. Supply intended at time of sale of the goods that interest should be charged on the unpaid balance at 10 percent per annum compounded daily; (3) that Strangmeyer lacked authority to contract for F. S. C. Supply; and (4) that F. S. C. Supply did not complete its organization. The trial court disregarded the last two jury answers and rendered judgment on the verdict for appellee. Over appellee's objection, the trial court also made findings of fact and conclusions of law which appellant had requested. The guarantor Arndt is the only party who has appealed from the judgment.

Appellant in his first point of error asserts that the trial court erred in entering judgment for the appellee because the appellee failed to plead and prove the agency and authority of Floyd Strangmeyer as president of F. S. C. Supply, Inc. to incur the debt. Appellant claims that appellee had the burden of such pleading and proof. There was no defensive claim by the corporate defendant, F. S. C. Supply, claiming lack of agency and authority in Strangmeyer. Likewise, there was no pleading by appellant Arndt denying such agency and authority. Appellant Arndt claims that lack of authority is not an affirmative defense he is required to plead; he maintains that as a guarantor he is entitled to now raise such a defense to the corporate debt even though the corporation did not raise such a defense in the trial court, and even though the corporate debtor F. S. C. Supply admitted the debt. Essential elements of proof of a claim on a sworn account are, generally, the order for merchandise and its delivery, the justness of the account, that is, that the prices charged were agreed upon by the parties, or, in absence of an agreement, the prices were usual, customary or reasonable, and the amount that is due and unpaid on the account. Tex.R.Civ.P. 185; *see also Brooks v. Eaton Yale and Towne, Inc.*, 474 S.W.2d 321, 323 (Tex.Civ.App.— Waco 1971). In the instant case the parties stipulated to the justness of the account and the attorney's fees. In addition, the jury found that appellee sold and delivered each and every item of equipment to F. S. C. Supply, Inc., and that jury finding is not attacked on appeal. Appellant Arndt had

contended at trial the equipment had not been sold and delivered to F. S. C. Supply, Inc., but rather to J & F Supply. Appellee contends that since the parties stipulated the justness of the account and the attorney's fees and the jury found that each and every item of the equipment was sold and delivered to the corporate debtor, the proof was complete on the account. *Blue Bell, Inc. v. Isbell,* 545 S.W.2d 563 (Tex.Civ.App. —El Paso 1976, no writ). We agree. Further, the corporate defendant in answers to requests for admissions admitted each and every element of the sworn account. We hold the corporate debtor account of F. S. C. Supply, Inc. was fully proved to be due and owing to appellee.

We further believe that under the facts of this suit on a sworn account, it would have been incumbent on the corporate debtor, F. S. C. Supply, Inc., to raise the issue of lack of authority of Strangmeyer by a defensive pleading if it sought to contest the account on that basis. *Mr. Eddie, Inc. v. Ginsberg,* 430 S.W.2d 5, 10 (Tex. Civ.App.—Eastland 1968, writ ref'd n.r.e.); *Cohen v. Vogt,* 211 S.W.2d 762, 764 (Tex. Civ.App.—Texarkana 1948, writ ref'd n.r. e.). No such contention was made by the corporate defendant nor was a pleading of any lack of authority was filed by any party. Also, the issue of lack of authority was not tried by consent by the parties nor does appellant contend that it was. Appellee timely objected to the submission of the issue on lack of authority on the bases of no pleadings and that such was not defensive to appellant Arndt. The jury answer to this special issue on lack of authority was properly disregarded by the court on motion by appellee and that action of the court in disregarding the jury finding is not assigned as an error on appeal by appellant. Additionally, appellant Arndt's contention on appeal that appellee did not plead the authority of Strangmeyer to incur the corporate debt was waived, even if Arndt as a guarantor could be said to have standing to raise the issue, because this lack of pleading was asserted for the first time on appeal. Tex.R.Civ.Pro. 90; *Sherman v. Provident American Ins. Co.,* 421 S.W.2d 652, 654 (Tex.1967); *Moore v. Douglas,* 589 S.W.2d 862, 863 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.).

Further, appellant Arndt as an absolute unconditional guarantor is not entitled to raise the defense as to the authority of Strangmeyer for the corporate debt. It is appellant's contention that Strangmeyer's alleged lack of authority resulted in the failure of the principal debt and consequentially the guaranty agreement. In his guaranty, however, Arndt agreed to unconditionally guarantee "any and all indebtedness" of the F. S. C. Supply Company, Inc. owed to appellee up to the sum of two hundred and fifty thousand dollars ($250,-000.00). The proof, stipulations and jury finding referred to above were complete on the corporate debt and the corporate defendant did not dispute the debt. An absolute unconditional guarantor of payment such as appellant is liable as a primary obligor. *Hopkins v. First National Bank at Brownsville,* 551 S.W.2d 343 (Tex.1977); *Universal Metals and Machinery, Inc. v. Bohart,* 539 S.W.2d 874 (Tex.1976). In *Houston Sash and Door, Inc. v. Heaner,* 577 S.W.2d 217, 222 (Tex.1979) the Texas Supreme Court stated: "It is only where the underlying obligation is void for illegality that a guaranty must fall with it." The Supreme Court in that case pointed out that a guarantor's agreement is not dependent upon the vitality and force of the underlying account. *Houston Sash and Door, Inc. v. Heaner, supra* at 222. In *Reece v. First State Bank of Denton,* 566 S.W.2d 296 (Tex. 1978), a guarantor was held liable on his continuing guaranty for a subsequent forged note for the purchase of two automobiles where it was shown to be a corporate debt; the purchase had become a corporate debt by ratification since title to the cars was in the corporation. The Court pointed out that Reece as a guarantor became a principal obligor of the debt even though the note was forged. Reece as guarantor had agreed to guarantee "any indebtedness" of the corporation up to the sum of twenty-five thousand dollars ($25,-000.00). We overrule appellant's first point of error.

Appellant in points of error four through ten asserts the trial court incorrectly denied appellant's claim of usury by awarding 10 percent interest compounded daily which appellant claims amounts to 10.67 percent per annum. He claims the applicable statute for this 1976 account case is Tex.Rev. Civ.Stat.Ann. art. 5069–1.03 (Vernon 1971) which then provided that *where no specified interest is agreed upon by the parties*, interest at the rate of 6 percent per annum should be allowed on all open accounts from the first day of January after the same are made. Appellant says there was no pleading or proof by appellee to take this case out of the general rule. He further points to the general interest statute then in effect, art. 5069–1.02 which then provided that *except as otherwise fixed by law* the maximum rate of interest shall be 10 percent per annum, and that *unless otherwise authorized by law*, a greater rate of interest than 10 percent per annum shall be deemed usurious. Appellant additionally claims he is a principal debtor entitled to raise the usury defense on the basis that he was sued on the account as well as on the guaranty because plaintiff's petition alleges in the plural that at the special instance and request of *defendants*, plaintiff sold and delivered to *defendants* certain goods. Finally, appellant claims, relative to his usury contention, that his guaranty agreement did not provide for any interest to be charged on his guaranty and that as a guarantor he is entitled to raise a defense of usury to the alleged usurious interest charged by the corporate debtor F. S. C. Supply, Inc., by appellee.

We do not agree with appellant's contentions and overrule all of his points of error in this regard for the following reasons. Appellee National Supply specifically pled for "interest from May 31, 1977," making this a plea for pre-judgment interest. There was no objection or special exception to this plea. A simple prayer for interest provides fair notice of the claim for relief for pre-judgment interest. *Black Lake Pipe Line Company v. Union Construction Company, Inc.*, 538 S.W.2d 80, 96 (Tex. 1976). We think appellee's pleadings for

pre-judgment interest were sufficient to authorize the award of whatever pre-judgment interest was applicable under the facts of this case. Additionally, the jury responded to special issue number three that National Supply Company and F. S. C. Supply Company, Inc. intended at the time of the sale of the goods in question that interest could be charged on the unpaid balance at the rate of 10 percent per annum compounded daily. There was written evidence admitted without objection supporting this issue, and no objection to the submission of or answer by the jury to said issue was made by the trial court or on appeal. There is, therefore, an unchallenged jury finding that the parties to the account agreed to a specified interest rate in excess of 6 percent which takes the case out of the 6 percent pre-judgment interest provisions of art. 5069–1.03 by the very terms of the statute. Art. 5069–1.02 provided that unless otherwise authorized by law a greater rate of interest than 10 percent per annum shall be deemed usurious. We hold that the 10 percent interest compounded daily awarded to appellant by judgment was supported by the answer of the jury to special issue number three and was supported by the provision of law found in Tex.Bus.Corp.Act Ann. art. 1302– 2.09 (Vernon 1980) effective since 1967 which provided:

"Notwithstanding any other provision of law, corporations, domestic or foreign, may agree to and stipulate for any rate of interest as such corporation may determine, not to exceed *one and one-half percent (1½%) per month* on any bond, note, *debt*, contract or other obligation of such corporation under which the original principal now is five thousand dollars ($5,000) or more . . ." (Emphasis added)

The corporate debt in question was in excess of five thousand dollars and the 10 percent interest rate compounded daily agreed to by the corporate defendant on the debt did not exceed one and one-half percent per month. Appellant claims that art. 1302–2.09 of The Miscellaneous Corporation Laws Act applied only to loans or borrowed

money and not to debts or sworn accounts. Although the statute is entitled "Authority of Certain Corporations to Borrow Money," a clear reading of the statute does not restrict its application to a loan of money. We read and interpret the statute more broadly than appellant suggests, for it clearly states that a corporation may agree and stipulate for any rate of interest not to exceed one and one-half percent of *any* bond, note, *debt, contract or other obligation* of such corporation where the original principal amount was five thousand dollars or more. It has also been held that this article applies to debts based on open accounts and not just on obligations based on "advances of money." *Dean Vivian Homes, Inc. v. Sebera's Plumbing and Appliances, Inc.*, 615 S.W.2d 921, 926 (Tex.Civ. App.—Waco 1981, no writ).

With respect to appellant's claim that he was sued on the account as well as on the guaranty agreement, we hold that appellant was not and could not have been sued and held liable on the account. The mere allegations that the goods were sold to and delivered to *defendants* would not support a sworn account suit individually against appellant where the invoices and account attached all show that F. S. C. Supply, Inc., the corporate defendant, was the only party to the transaction, as they did in this instance. Appellant would be a stranger to the transaction and could not be held liable individually on the account. *Boysen v. Security Lumber Company, Inc.*, 531 S.W.2d 454 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Copeland v. Hunt*, 434 S.W.2d 156, 158 (Tex.Civ.App.— Corpus Christi 1968, writ ref'd n.r.e.), *Mann v. Jack Roach Bissonnet, Inc.*, 623 S.W.2d 716–718 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Jeff Robinson Building Company, et al. v. Scott Floors, Inc.*, 630 S.W.2d 779 (Tex.App.—Houston [14th Dist.] 1982). Finally, even if it could be said that article 1302–2.09 does not apply or that the corporate defendant, F. S. C. Supply, Inc., was charged usurious interest, appellant Arndt as guarantor was not entitled to raise such a defense of usury. It is well settled that usury is a defense personal to the debtor, one that a guarantor may not interpose. *Houston Sash and Door Company, Inc. v. Heaner*, 577 S.W.2d 217, 222 (Tex.1979). Additionally, under the express provisions of Tex.Misc.Corp.Laws Act Ann. art. 1302–2.09, the claim or defense of usury by a guarantor of the corporate obligation is prohibited. *See Universal Metals and Machinery, Inc. v. Bohart*, 539 S.W.2d 874, 879 (Tex.1976); *Loomis Land and Cattle Company, et al. v. Diversified Mortgage Investors*, 533 S.W.2d 420, 425 (Tex.Civ. App.—Tyler 1976, no writ); *Houston Furniture Distributors, Inc. v. Bank of Woodlake N.A.*, 562 S.W.2d 880 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). Appellant's points of error four through ten are overruled.

Appellant, in points of error eleven through fourteen, argues that the trial court erred in failing to enter a take-nothing judgment against the appellee because appellant contends that appellee effectively released Arndt's co-guarantor, Floyd Strangmeyer, and that by such action, appellee interfered with appellant's right of subrogation against Strangmeyer and the other co-guarantors under Tex.Bus. & Com.Code Ann. § 34.04 (Vernon 1968). Appellant contends that a release of Strangmeyer also releases Arndt, a co-guarantor. We disagree with appellant's contention on all these points. There was never any release executed or given to Strangmeyer by appellee. It is true that appellee made a non-monetary settlement with Strangmeyer and then non-suited Strangmeyer at trial. Appellee had an absolute right to non-suit Strangmeyer. *McQuillen v. Hughes*, 626 S.W.2d 495 (Tex.1981). No money was received by appellee from Strangmeyer either directly indirectly or on a contingent basis. Further, Strangmeyer was not indemnified. The non-suit by appellee of Strangmeyer in the trial does not constitute or amount to a release of Strangmeyer. No cross-actions were filed by any party and appellant Arndt cannot effectively claim the right to keep Strangmeyer as a party to the suit through trial when he had filed no cross-action against Strangmeyer

for subrogation, indemnity or contribution. Neither can be effectively claim that his right of subrogation under Tex.Bus. & Com. Code Ann. § 34.04 (Vernon 1968) has been prejudiced under theories of res judicata, limitations and release by appellee's non-suit. Section 34.04 of the Code provides that *a surety who pays on a judgment* is subrogated to all the judgment creditor's rights under the judgment. Appellant has not yet paid anything on the judgment and to this point has no right of subrogation. *See also Caldwell v. Stevenson*, 567 S.W.2d 278 (Tex.Civ.App.—Austin 1978, no writ). There was no res judicata as to right of subrogation under Sec. 34.04 against Strangmeyer because he was not a party to the judgment, but if res judicata could be said to apply on this basis, it is because of appellant's failure to file a cross-action. There was no release executed or given Strangmeyer. Any limitation period as to any claim by Arndt against Strangmeyer would begin whenever such cause of action accrues. Arndt's cause of action for subrogation as a surety under § 34.04 cannot accrue until he pays the judgment. If any other cause of action against Strangmeyer in favor of Arndt accrued during the pendency of the suit, Arndt is in no position to say that appellee's absolute right of non-suit of Strangmeyer during trial prejudiced Arndt when he could have easily filed a cross-action against Strangmeyer at any time during the more than three and one-half years this suit was pending prior to trial. Finally, even if we were to construe the non-suit of Strangmeyer by appellees as a release, the release of one co-guarantor will not operate to release the remaining guarantors when the obligation is joint and several. *Guynn v. Corpus Christi Bank and Trust*, 620 S.W.2d 188, 190 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). Appellant's points of error eleven through fourteen are overruled.

Appellant concedes his remaining points of error do not present any basis for reversal and they are overruled.

▬ By cross-point, appellee urges that this Court impose a penalty of 10 percent of the judgment sum on appellant Arndt. Tex.R.Civ.P. 435 and 438 authorize the imposition of this 10 percent penalty. This Court in a proper case has recently had occasion to impose the 10 percent penalty in a sworn account context. *Page v. Cotton Construction Company*, 617 S.W.2d 723 (Tex.Civ.App.—Houston [14th Dist.] 1981). In the instant case we fail to find that the appeal has been taken for delay and that there was no sufficient cause for taking such appeal. The question of authority of Strangmeyer and other points appear to be serious points of contention by appellant on appeal. The matters relating to subsequent developments in other suits argued in appellee's supplemental brief are not a part of the trial on appeal and a part of the record of statements of facts of this trial. Therefore, we decline to impose the 10 percent penalty on the judgment.

The judgment is affirmed and appellee's cross-point for the imposition of the 10 percent penalty is denied.